Langworthy & Bro. v. Root.

attachment proceedings are so irregular as to be set aside, the whole action fails.

The judgment is reversed.

LANGWORTHY & BRO. v. ROOT.

1. SERVICE: ATTACHMENT. The attachment of property in a county in which defendant does not reside, does not give the District Court of such county jurisdiction, to hear and determine the cause, if he is a resident of the State and demands a change of venue.
2. CODE CONSTRUED. Section 1703 of the Code of 1851, examined and construed.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 28.

DEFENDANT was sued in Dubuque county, when his residence was in Des. Moines county. An attachment was prayed for and issued upon the alleged ground that he " had absconded so that the ordinary process could not be served upon him." Upon this writ certain persons were summoned as garnishees, and beyond this no property was attached. Whether the persons garnisheed had property of his in their hands or were indebted to him, does not appear. Defendant appeared and moved to change the venue to Des Moines county. This motion was sustained, and from this order plaintiffs appeal.

*Wilson, Utley & Doud* for the appellants.

*Poor, Adams* and *Crane* for the appellee.

WRIGHT, C. J.—The only question made is whether in the · of a resident defendant, the attaching of property in a county other than that where he resides, gives the District Court of that county jurisdiction to hear and determine the case, if he shall appear and demand a change of venue.

Langworthy & Bro. v. Root.

Appellant relies upon section 1703 of the Code, which as far as material is as follows: In cases of attachment of property, when the defendant is not served, suit may be brought in any county wherein any property may be found. At first view, the appellants' position would seem to be correct. When we regard all the language used, and the spirit and policy of the law, however, it seems to us manifest that the construction claimed can not be sustained.

It will be observed that it is not in every case of the attachment of property, that the court of the county wherein it is situated, or may be found, has jurisdiction. It is only in those cases where the defendant *is not served*. And by this we are to understand, not alone, those cases where there is no service, but where the defendant is so out of the jurisdiction that there can be no service. An original notice may be served in any county in the State, and it is only in cases of non-residents or those where the defendant has absconded so that the ordinary process can not be served upon him, that an attachment of property confers jurisdiction.

This construction is fully sustained by reference to other sections of the Code. Thus by section 1848, the plaintiff has the right to an attachment if he shall swear that defendant is a non-resident, or has absconded so that the ordinary process can not be served upon him. It is not averred in this case that defendant is a non-resident, and there is no just ground for claiming that he has absconded so that process cannot be served upon him. We say there is no just ground for claiming it, for being a resident, process can be served upon him. Then again, section 1725 provides, if there is a return of "not found," for the service of notice by publication. This evidently refers to cases, where the defendant is treated and regarded as a non-resident, or beyond the jurisdiction of the process of the court.

The law contemplates that suits are to be commenced in the county where the defendant resides (Code section 1701.) If he has no residence then it may be commenced in any county where he may be found. And it is only in cases

where he has not such a residence, or has absconded, that the service of the attachment upon property confers the jurisdiction.

Entertaining these views, we need not stop to enquire whether there was such an attachment of property in this instance, as could under any circumstances, give the jurisdiction.

Judgment affirmed.