## STREET v. BECKMAN.

1. **Res Adjudicata**: ITEM OF ACCOUNT. An adjudication of indebtedness upon an item of account by one court will be a bar to an action upon it in another, notwithstanding it was not the intention of the plaintiff to include it in the former action. The fact that it was presented and was submitted with the case will be conclusive of the adjudication.

*Appeal from Mahaska District Court.*

TUESDAY, JUNE 13.

THE petition alleges that on the 2d day of August, 1873, the plaintiff and defendant executed and delivered to R. P. Bacon a promissory note for $200; that plaintiff signed said note as surety for defendant; that defendant failed to pay the same, and that plaintiff was compelled to pay it, wherefore he asks judgment against defendant for the amount thereof with interest. The answer alleges that another suit is pending in the Circuit Court of Mahaska county between the same parties, in which the plaintiff claims the same sum for the same matters alleged in this petition. By an amended answer the defendant alleges that, after the commencement of this action, the suit referred to as pending in the Circuit Court was terminated, and a judgment rendered thereon against the defendant for $394, and costs.

A jury was waived, there was trial by the court, and judg-

Street v. Beckman.

ment was rendered against plaintiff for the costs, from which he appeals.

*Williams & McMillen*, for appellant.

*Jno. F. Lacey*, for appellee.

ROTHROCK, J.—The court below made a special finding of the facts and the law, and the conclusion of law was that the claim made by the petition had been adjudicated by the proceedings in the Circuit Court. The abstract does not contain the evidence taken on the trial in the court below.

The appellant insists that it does not appear from the finding of facts, that the suit in the Circuit Court had been determined prior to the trial of the case in the District Court. Without considering the additional abstract filed by appellee to which objection is made, we think the special findings sufficiently show that said suit had been prosecuted to judgment. While it is true the court does not expressly find that fact, yet it is assumed, and until the contrary is made to appear we will presume that such was the fact. Indeed the finding of the court below would be meaningless without such presumption, and with the pleadings and findings before us, we cannot believe that it was a disputed question on the trial.

It appears from the finding of facts that the plaintiff sued the defendant in the Circuit Court on an account in which was the following item: "To amount of R. P. Bacon, $200," and that said item was in relation to, and the same matter upon which this suit is founded. Evidence was introduced in relation to said item, but which way or what determination was made of it, does not appear.

It is further found by the court below that plaintiff " did not intend to include said claim in the suit in the Circuit Court although he held the same at the time, and it might have been included in said claim."

On the trial of the case in the Circuit Court, at the request of both parties, evidence was heard upon any and all matters in difference between them, whether included in the issues made or not.

The question for our determination is, did the court below err in holding as a conclusion of law based on the facts above stated, that the claim of plaintiff had been adjudicated?

We are clearly of the opinion that it did not. It is found that this demand was included in the other suit, that evidence was introduced thereon, and on the whole case. It is not a material question as to whether plaintiff was allowed this item in the other action or not. If it was presented, evidence introduced upon it, and it was not withdrawn but submitted with the case, the judgment is a complete bar, and the plaintiff cannot now be heard to say that he did not intend to include this claim in the other suit. The court has found that he did include it. He has not presented the evidence here to show that the court below erred in its findings of facts, and we must hold him bound by said findings.

AFFIRMED.

SEEVERS, CH. J., having been of counsel took no part in this case.