## WASSON v. MILLSAP.

1. **Attachment:** ACTION BROUGHT IN WRONG COUNTY: TRANSFER TO PROPER COUNTY: ATTACHMENT FALLS. Plaintiff brought an action, aided by attachment, against defendant in the wrong county, but defendant appeared, and had the cause removed to the county of his residence, under § 2589 of the Code. *Held* that the attachment, being issued in the wrong county, was without authority of law; that § 2589 did not validate it, or authorize its transfer with the case; that it could not be enforced by the court to which the cause was transferred; and that it should have been dissolved, on motion, in that court. (*Laird v. Dickinson*, 40 Iowa, 665, distinguished.)

*Appeal from Jasper Circuit Court.*

WEDNESDAY, DECEMBER 15.

ACTION at law, aided by attachment. A motion to dissolve the attachment issued in the case was overruled. From the decision defendant appeals.

*Winslow & Varnum*, for appellant.

*E. Wishard* and *Ryan & McElroy*, for appellee.

BECK, J.—I. The action was brought in Polk county to recover for money received and appropriated to his own use by defendant. An attachment was prayed for, on the ground that defendant had disposed of his property with intent to defraud his creditors. It was issued to the sheriff of Jasper county, who served it by levying upon real estate in that

county, and serving garnishee process upon persons living there. Afterwards defendant filed a motion to change the venue of the case to Jasper county, supported by affidavits showing that his place of residence was in that county. The motion was sustained, and the original papers were sent to the circuit court of Jasper county. The defendant moved, in that court, to dissolve the attachment on the ground that it was issued by the circuit court or Polk county without jurisdiction, for the reason that defendant was, at the time, a resident of Jasper county. The motion was overruled.

II. The case involves the construction of two or three sections of the Code. Sections 2576 and 2578 provide that actions to recover for injuries to real property may be brought in the county wherein the property, or some part of it, is situated. Section 2577 provides that actions to recover for injuries to real property may be brought in the county where the defendant resides. Section 2579 provides that certain other actions must be brought in the counties where the causes thereof, or some part thereof, arose. Section 2580 is in the following language:

" Sec. 2580. An action, when aided by attachment, may be brought in any county of the state, wherever any part of the property sought to be attached may be found, when the defendant whose property is thus pursued is a non-resident of this state. If such defendant is a resident of this state, such action must be brought in the county of his residence, or that in which the contract was to be performed, except that, if an action be duly brought against such defendant in any other county by virtue of any provision of this chapter, then such action may, if legal cause for an attachment exists, be aided by an attachment."

Section 2581 provides that an action on a written contract may be brought in a county wherein, by its terms, it is to be performed. Section 2582 to 2585 provide for the place of bringing suits against corporations. Section 2586 provides that personal actions must be brought in the county of the

residence of the defendants, or of some of them; but if none of them have any residence in the state, the action may be brought in any county where any one of them may be found. Section 2589 provides that, " if a suit be brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demand a change of the place of trial to the proper county, in which case the court shall order the same, at the cost of the plaintiff."

It will be observed that the statute (section 2586) provides that a personal action against a resident defendant shall be prosecuted in the county of his residence, except where otherwise provided. It makes no provision as to the place of suit when an attachment is issued. Section 2581 provides that an action upon a written contract may be brought in the county wherein it is to be performed;' nor does it make provision as to the place of bringing suit where an attachment is issued. But section 2580 provides for issuing attachments in the cases contemplated in sections 2581–2586. Attachments may only be issued when authorized by statute. The legislative purpose of section 2580 clearly appears to have been to authorize attachments in the cases contemplated therein. This conclusion is supported by the very language of the provision. That the purpose could not have been to prescribe the place of bringing suit is plain, in view of the fact that the other sections referred to do that. Those sections and this have, in this view, distinct and different purposes, and are not repetitious expressions of the legislative will.

Section 2589 provides for the transfer of actions brought in the wrong county. It does not provide that attachments, or other process issued thereon, shall be valid or transferred. If the attachment was issued without authority of law it is invalid, and, of course, could not be enforced by the court to which the case may have been transferred. Now, section 2580, which authorizes an attachment, restricts it to a case brought in the county of the residence of

defendant, or the county wherein the written contract is to be performed. The attachment was therefore issued in this case without authority, and the court below ought to have sustained defendant's motion to dissolve it.

*Laird v. Dickinson*, 40 Iowa, 665, cited by plaintiff's counsel, does not support the ruling of the circuit court. Whatever is found in the opinion to that effect was not concurred in by a majority of this court.

REVERSED.