## SKETCHLEY v. SMITH & CO.

1.  **Venue:** ACTION AGAINST FOREIGN FIRM : CHANGE TO COUNTY OF RESIDENT PARTNER. Where an action is brought (by attachment in this case) in a county of this state, against a firm organized and doing business in another state, and no relief is sought against the individual partners, neither the firm nor a partner residing in this state has a right to have the cause transferred to the county in this state where such partner resides.

2.  **Former Adjudication:** DIFFERENT CONTRACT : RECOVERY BASED ON ADJUDICATED FACTS. This action, being on a different contract from that involved in a former one between the same parties, the adjudication in which is claimed to be a bar to this, is not barred on the ground that it is but a part of the same cause of action ; but since the facts on which plaintiff herein must recover, if at all, were adjudged of record in the former case to be contrary to his theory in this, *held* that such adjudication binding upon him, and defeats his right to recover herein.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, OCTOBER 18, 1889.

Sketchley v. Smith & Co.

ACTION on account, aided by attachment against the defendant as a non-resident of the state. Plaintiff filed his petition asking to recover on account for services rendered, and for attachment, on the ground that defendant was a non-resident of the state. The original notice is endorsed:

"I hereby accept service of the within notice.

"M. E. SMITH."

Smith appeared, and moved for change of place of trial to Pottawattamie county, upon the ground that he was a resident of that county; which motion was overruled, and Smith excepted. Smith & Co., M. E. Smith and E. A. Houghton appeared, and moved for a change of place of trial to the same county, upon an affidavit that M. E. Smith & Co. is and was a copartnership, composed of E. A. Houghton and M. E. Smith, doing business in Omaha, Nebraska, at and ever since the commencement of this action; that M. E. Smith was and is a resident of Council Bluffs, Iowa, and E. A. Houghton of Omaha, Nebraska. The motion was overruled, and defendant excepts. M. E. Smith and E. A. Houghton, of the firm of M. E. Smith & Co., answered, denying generally, and alleging that the matters in controversy were fully adjudicated in an action in the district court of Pottawattamie county, wherein M. E. Smith & Co. was plaintiff, and F. H. Sketchley and wife were defendants. The case was submitted to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Flickinger Bros.*, for appellant.

*Cy. Arndt* and *S. H. Cochran*, for appellee.

GIVEN, C. J.—I. Appellant contends that this is a personal action against M. E. Smith, and, he being a resident of Pottawattamie county, the change of place of trial should have been granted upon either of the applications; citing sections 2586 and 2553 of the Code. The action is against M. E. Smith & Co., of Omaha,

1. VENUE: action against foreign firm: change to county of resident partner.

Nebraska, and not against any of the individuals com-
posing that copartnership. No relief is asked against
M. E. Smith individually. *Langworthy v. Root*, 10
Iowa, 260, cited, has no application. That was an
action, aided by attachment, on the ground that the
defendant had absconded, and does not relate to the
question before us. The same is true of *Wasson v.
Millsap*, 70 Iowa, 348. If this action was against M.
E. Smith, those authorities would be in point. The
action being against Smith & Co. alone, a copartnership
not residing nor doing business in this state, there was
no error in overruling the applications for change of
place of trial. This conclusion renders it unnecessary
that in this connection we notice appellee's contention
that M. E. Smith & Co. could be sued in Harrison
county because of its doing business there through its
agent Sketchley.

II. To a correct understanding of the questions
presented on the plea of former adjudication, it is

2. FORMER
adjudication:
different con-
tract: recov-
ery based on
adjudicated
facts.

necessary that we notice more fully the
basis of the plaintiff's claim in this action,
and the matters adjudicated in the other,
as shown by the record thereof. Plaintiff's
claim is that from April 1, 1885, to the commencement
of this action, February 29, 1888, defendant was the
owner of a stock of goods kept at Missouri Valley,
Harrison county, Iowa ; and that in April, 1885, at the
instance and request of the defendant, he took charge
of said goods, and entered upon the sale thereof for the
defendant ; that there was no agreement as to compensa-
tion which the plaintiff was to have for his work in and
about the sale and care of said goods ; that his services
were reasonably worth eighteen hundred dollars. It
appears that, prior to April, 1885, the plaintiff was run-
ning a mercantile business at Marquette. That he gave
the defendant mortgages upon certain real estate, and
upon his stock of goods. That the goods were removed
to Missouri Valley, and put upon sale there ; the
defendant furnishing, from time to time, additional
merchandise, that was added to the stock, and with

which stock business was carried on under the manage-
ment and control of the plaintiff,—the plaintiff claiming
to have done so as agent for the defendant; the defend-
ant claiming he did so for himself. It appears from the
record of the proceedings had in the district court of
Pottawattamie county that on March 4, 1888, M. E.
Smith & Co. filed their petition against T. H. Sketchley,
asking the foreclosure of said real-estate mortgage; to
which Sketchley answered, averring payment, and set-
ting up counter-claim on account for services rendered
by Minerva N. Sketchley, assigned to him, one
thousand dollars; and for safe, book-accounts and
notes, six hundred and seventy-five dollars; and for
thirty days' services rendered by himself in February
and March, 1885, in taking charge of stock of goods in
Nebraska, and work and labor with reference thereto,
one hundred dollars. Smith & Co. filed an amendment
asking a foreclosure of the chattel mortgage given by
Sketchley on "my entire stock of merchandise at
Marquette, Nebraska, * * *, and all future advances
to be made on said stock; * * * that said mort-
gagor consents to give mortgagee possession under said
mortgage immediately, and consents that mortgagee
may sell at private sale until his indebtedness is
fully satisfied, or until a sufficient amount is sold to pay
the amount due, as the case may be, with reasonable
attorney's fees, and all costs pertaining to taking, keep-
ing, advertising and selling of said property; any sums
remaining, to be paid on demand to the party of the
first part."

In said amended petition, Smith & Co. alleged that
about May, 1885, under an oral agreement between the
parties, the property embraced in the chattel mortgage
was removed to Missouri Valley, Iowa, and the defend-
ant placed in charge thereof as mortgagor; that he was
to proceed with the sale of the said mortgaged property,
and account for the same promptly, until the mortgage
indebtedness was fully paid; that in order to expedite
the sale of said goods, and assist Sketchley in realizing

thereon, Smith & Co. would advance, from time to time, at current wholesale rates, such merchandise as was deemed necessary by Sketchley, a separate account of which was to be kept by him ; that the merchandise so advanced was to be included in the chattel mortgage as additions to the original stock, and Smith & Co. were to have a lien on the same for the payment of the advances, as well as for the notes described in the mortgage ; that neither Sketchley nor his agents were to receive any compensation for services in disposing of said stock ; that under this agreement Smith & Co. advanced merchandise to the sum of six thousand dollars. Smith & Co., in addition to the relief prayed for in its original petition, asked judgment for twelve hundred and ninety-two dollars and interest, and that its chattel mortgage be foreclosed on said stock of goods, and for special execution. Sketchley answered this amendment, admitting the execution of the chattel mortgage, and alleging that the same was fully paid ; that Smith & Co. had. converted the safe, notes and book-accounts described therein, and had received the proceeds of all the goods described in said mortgage, to the value of fifteen hundred dollars ; and denying "each and every allegation pertaining to an alleged agreement as set out in said amendment."

Upon these issues and the proofs, the district court of Pottawattamie county found that Sketchley executed the mortgages, and the notes secured thereby; that there was due on said notes $702.32, and $41.60 attorney's fees; and further found as follows: "(4) That subsequent to the execution and delivery of said notes and securities, by mutual arrangement between the parties, the defendant's stock of goods at Marquette, Nebraska, was removed to Missouri Valley, Iowa; the defendant, Sketchley, still remaining in possession and charge thereof as the owner. (5) That, under and by virtue of an oral agreement had with plaintiff, defendant was to remain in possession of said stock of goods, and sell the same, and apply the proceeds on the mortgage indebtedness. (6) That plaintiff was to furnish defendant

additions to said stock, from time to time, as should be demanded, which additions, under and by virtue of said chattel mortgage and oral agreement, were included in the lien of said mortgage; and plaintiff's security for such advances was embraced and included in the lien of said chattel mortgage, together with the notes secured thereby. (7) That, under and by virtue of said agreement, plaintiff sold and delivered to defendant at Missouri Valley, Iowa, merchandise aggregating the amount of $6, 176.35, on which account there remains due and unpaid the sum of $1,292.88, for which amount plaintiffs are entitled to a foreclosure of their chattel mortgage. (8) That the property on which the plaintiffs are entitled to a foreclosure of their chattel mortgage herein is the identical property and the same taken by plaintiffs under a delivery bond given by them in certain attachment proceedings had in the district court of Harrison county, Iowa, in an action therein pending wherein Thomas H. Sketchley is plaintiff, and M. E. Smith & Co., plaintiffs herein, are the defendants.'' It was decreed that Smith & Co. recover $702.32 as debt, and $41.60 attorney's fees and cost; that the mortgage on the real estate be foreclosed; that Smith & Co. have judgment on account against Sketchley for $1,292.88, and a decree establishing and declaring his chattel mortgage lien to be a lien on all the personal property of the defendant, T. H. Sketchley, at Missouri Valley, Iowa, in his store in said place, more particularly described as the property taken by M. E. Smith & Co. under a delivery bond in attachment proceedings from Harrison county district court, wherein T. H. Sketchley is plaintiff, and M. E. Smith & Co. defendants, and that special execution issue for the sale of said property,'' etc.

III. This action is to recover for services rendered by plaintiff himself at Missouri Valley. No claim was made for these services in the adjudicated case, but appellant's contention is that '' a party cannot split and divide up his causes of action into different divisions, and bring separate actions; '' citing Freeman, Judgment, sections 239, 240. That authority says: '' The plaintiff

cannot be allowed to split up the various covenants or promises contained in one contract, and to recover upon each separately. It can have but one recovery upon one contract." The recoveries sought in the adjudicated case were upon other and different contracts from that upon which recovery is sought in this. This action was commenced March 3, and that March 4, 1888. Had this claim been pleaded in that case, it would have been a sufficient answer that it was pending in this. *Dalter v. Laue*, 13 Iowa, 538, and *Street v. Beckman*, 43 Iowa, 496, cited by counsel, are not in point on this question. In the former, the court held that a defendant in chancery will not be permitted to set up a defense which he has neglected to interpose, and which he should have interposed, to an action at law involving the same subject-matter; in the latter, that an adjudication of indebtedness upon an item of account by one court will be a bar to an action upon it in another, notwithstanding it was not the intention of the plaintiff to include it in the former action.

IV. The plaintiff bases his right of recovery upon the claim that the goods in the care and sale of which he rendered the services sued for were the defendant's goods; while the defendant claims that it was only mortgagee of the goods, and that plaintiff was in possession as owner, under the oral agreement already stated. Plaintiff's right to recover wages depends upon whether he was caring for and selling the goods for himself or for the defendant. That controversy between these parties was directly in issue, and specifically passed upon by the district court of Pottawattamie county. That court found that there was an oral agreement between the parties that the goods at Marquette should be removed to Missouri Valley; that Sketchley was to remain in possession of the goods, and sell the same, and apply the proceeds upon the mortgage indebtedness; that Smith & Co. were to furnish additional goods, which, under the mortgage and agreement, would be included in the lien of the mortgage; that they did furnish additional goods; and

that the property on which Smith & Co. were entitled to a foreclosure of their chattel mortgage was the same taken by them under a delivery bond in this suit; and decreed Smith & Co. a lien upon all of said goods. Appellant asked instructions to the effect that, under this adjudication, the jury should find for the defendant, but the instructions were refused. The court instructed the jury "that in so far as the plaintiff in this action seeks to recover for the care of or sale of the goods which were covered by the Marquette mortgage, or the remnants of the same which were placed in the store at Missouri Valley, Iowa; I say, in so far as the claim seeks to recover for work and labor in reference to these goods, —it is adjudicated that nothing can be allowed plaintiff herein on account of any work or labor done in the way of caring for or selling the remnant of the goods brought from Nebraska, which goods were covered by what is known as the 'Marquette mortgage?' In reference to the claim as presented by the plaintiff for the care of and sale of goods other than those which were covered by the Marquette mortgage and shipped from Nebraska to Missouri Valley, the claim is not adjudicated. It will be your duty to ascertain from the evidence whether, as to this portion of the claim, anything is due the plaintiff." The district court of Pottawattamie county held that, under the provisions of the mortgage, it extended to "all future additions to be made to said stock;" that, under the oral agreement, the goods added to the stock at Missouri Valley from time to time were advances, and secured by the mortgage; while in this case the court instructed that the additions to the stock made at Missouri Valley were not covered by the mortgage. We are not called upon to say which court is right, but think it very clear that the question as to the relation of these parties to the stock of goods was fully adjudicated upon the issues joined between them in the district court of Pottawattamie county; that plaintiff herein had no claim for recovery, except upon a readjudication of that question; and that the court should have instructed the jury to find for the defendant. The judgment of the district court is                      REVERSED.