FRANK L. HALLER, Appellee, v. T. M. PARROTT, Appellant.

1. **Attachment:** LEVY ON MORTGAGED CHATTELS : NOTICE : REPLEVIN. Where in an action wrongfully commenced in a county other than that of the defendant's residence a writ of attachment was issued.

and levied upon personal property covered by a chattel mortgage, of which the attachment plaintiff had neither actual nor constructive notice, *held*, that no right to the possession of the property was acquired by virtue of the attachment, and that subsequent actual notice of the mortgage would preclude the attaching creditor from thereafter acquiring any right thereto adverse to the mortgage.

2. Chattel Mortgage : DESCRIPTION OF PROPERTY : NOTICE.   Where the property covered by a chattel mortgage was described as " Thirty-six ( 36 ) steers branded on right hip with inverted letter ' U,' three steers branded on right hip with a half circle facing downward thus,‿. A majority of the above-described cattle are three years old past, and the remainder are two years old past," *held*, that the description was sufficiently definite.

3. ———— : ATTACHMENT : IDENTIFYING PROPERTY : EVIDENCE.   In an action brought by a mortgagee of chattels to recover possession of the mortgaged property from an officer who had seized the same under a writ of attachment, *held*, that the mortgagor might be permitted to testify on behalf of the plaintiff that the property attached is the same as that upon which the mortgage was given, where the purpose of such testimony is simply to identify the mortgaged property in the hands of the officer, and not to aid a defective description.

4. ———— : ———— : RES ADJUDICATA.   A judgment in an action aided by attachment ordering the sale of attached personal property on special execution is not admissible in evidence against one claiming the possession of said property under a mortgage, and who was not a party to the attachment suit.

*Appeal from Ida District Court.*—HON. J. H. MACOMBER, Judge.

THURSDAY, JANUARY 29, 1891.

THIS is an action at law to recover possession of thirty-six head of steers.   There was a trial to the court, resulting in judgment for plaintiff.   The defendant appeals.—*Affirmed.*

*Bradshaw & McGiffin*, for appellant.

*J. D. Lothrop* and *J. C. Waller*, for appellee.

GIVEN, J.—The facts material to a determination of the question submitted are as follows:  December

26, 1885, A. G. Bagley, then of Fremont county, Iowa, executed a chattel mortgage to Chapin & Irish to secure thirteen hundred and nine dollars and forty-four cents on property described as follows: "Thirty-six (36) steers branded on the right hip with inverted letter 'U,' three steers branded on the right hip with a half circle facing downwards thus, ‿. A majority of the above-described cattle are three years old past, and the remainder two years' old past." The mortgage further recites that it "is given to secure the purchase money of the stock described above, and said steers are to be kept upon full feed of corn until the note secured hereby is paid in full. Said cattle to be kept upon the west half of the northwest quarter of section 2, township 87, range 42, Morgan township, Woodbury county, Iowa." This mortgage was filed for record in Woodbury county, December 26, 1885, and in Fremont county, August 19, 1886. About August 1, 1886, the plaintiff became the owner of this mortgage and the notes secured thereby. On July 24, 1886, the defendant, as sheriff of Ida county, levied upon and took possession of the steers in question, under a writ of attachment issued by the clerk of the court of Ida county at the suit of the Iowa Barb Steel Wire Co. v. A. G. Bagley, as the property of said Bagley. The said action was transferred to the district court in and for Fremont county because of the residence of Bagley being in that county. On January 29, 1887, judgment was rendered in that action in favor of plaintiff and against the defendant Bagley, and an order entered for "special execution against the attached property herein, to-wit, thirty-six head of two and three-year-old steers." Bagley was asked upon his examination: "State where you resided during the years 1885 and 1886, and what business you were then engaged in." He answered: "I resided at Tabor, Fremont county, Iowa, and was engaged in general mercantile and farm implement business, until July 17, 1886." We do not understand, from this question and answer, that the witness

states that he ceased to reside at Tabor, July 17, 1886, but that he then ceased to do business at that place. On August 10 following the levy, the plaintiff gave notice to the defendant of his claim to the property levied upon.

I.    The appellant contends that, as defendant had no actual notice of the mortgage, and it was not filed for record in Fremont county, where the mortgagor resided at the time of the levy, it is not valid as against defendant, and should not have been admitted in evidence over his objection.    The defendant did not have actual notice of the mortgage at the time of the levy, nor had he constructive notice, for at that time the mortgage had not been filed for record in Fremont county, where Bagley, the holder of the property, resided, as required by section 1923 of the Code.    *Stewart v. Smith*, 60 Iowa, 275; *King v. Wallace*, 78 Iowa, 221.    The defendant did have actual notice of plaintiff's claim to the property, August 10, 1886, and before any other proceedings were had with respect to the property than the levy.    That the mortgage is valid as between the parties and all persons having actual notice thereof, though not filed for record, is not questioned.    The attachment was issued in an action brought in the wrong county.    It was brought against Bagley alone in Ida county, and, because that was the wrong county, was transferred, as provided by statute, to Fremont, the county of Bagley's residence. In *Wasson v. Millsap*, 70 Iowa, 348, such an attachment was held to be without authority of law.    Being without authority, it gave no right of possession to the defendant.    This action for possession was commenced August 23, 1886, and the question involved is plaintiff's right to possession at that time.    If he was entitled to the possession of the property, the defendant could not defeat it in this action by an after-acquired right in himself. By the notice served August 10, the defendant was fully informed of the mortgage, and was thereafter as much

1. ATTACHMENT: levy on mortgaged chattels : notice : replevin.

bound by it as if it had been previously filed for record in the proper county.

II.  Another reason urged why the mortgage should not have been admitted in evidence is because of its description of the mortgaged property.

**2. CHATTEL**
**mortgage:**
**description of**
**property:**
**notice.**

"If from the description contained in the mortgage the mind is directed to evidence, whereby it may ascertain the precise thing conveyed, if thereby absolute certainty may be attained, the instrument is valid; otherwise, it is void as to third persons for uncertainty." *Everett v. Brown,* 64 Iowa, 420; *Bank v. Ratkey,* 79 Iowa, 215. Tested by this rule we think the description of the property given in the mortgage is sufficiently definite. We see no error in admitting the mortgage in evidence.

III.  On his examination Bagley was asked to state " whether the cattle described by you above, and placed in Morgan township, were those purchased by you of Chapin & Irish, and the same cattle upon which the mortgage was given."  The appellant objected to so much as asked if they were the same cattle upon which the mortgage was given.  The appellant concedes that such evidence might be admissible as between the mortgagor and mortgagee.  We fail to discern any reason why it was not as admissible as against this defendant, for it was not to aid a defective description, but to identify the property in the hands of the defendant as being the same included in a sufficient description.

**3. ——: attach-**
**ment: identify-**
**ing property:**
**evidence.**

IV.  The appellant offered a transcript of the judgment of the district court of Fremont county in the case originally brought in Ida county, and transferred to Fremont.  There was no error in sustaining appellee's objection, for this plaintiff was not a party to that action, and the order of the court granting special execution therein against the property in question did not tend to show that the plaintiff was not entitled to the possession of the property in question at the time this suit was brought.

**4. ——:——: res**
**adjudicata.**

It follows from what we have said that we do not think the court erred in rendering judgment against the defendant, and our conclusion is that the judgment of the district court should be AFFIRMED.