F. W. ROSENTHAL & COMPANY, Appellants, v. W. W. BILGER *et al.*, Appellees.

1. **Action on Lost Bond:** EVIDENCE: LEADING QUESTIONS. Wherein an action on a lost *supersedeas* bond the attorney for the adverse party, who had prepared the bond, was asked respecting said bond, "Was it in the usual statutory form of *supersedeas* bonds," *held*, that, although the question was leading, the witness should have been permitted to answer.

2. ———: ———: ADMISSIONS. The examination of such witness having disclosed the fact that his memory as to said bond was defective, and having admitted that he prepared the abstract of the record for the principal in said bond upon appeal to the supreme court, *held*, that the witness should have been permitted to answer the question why he had stated in said abstract, that the defendant had filed in said supreme court his *supersedeas* bond, with sureties approved by the clerk thereof; and that such portion of the abstract should have been admitted in evidence.

3. ———: ———: OBJECTIONS: WAIVER. Where no ruling is made upon objections to the admission of evidence, the presumption is that the objections were waived, and the evidence admitted.

*Appeal from Council Bluffs Superior Court.*—HON. J. E. F. McGEE, Judge.

ACTION on a *supersedeas* bond. Judgment for the defendants. The plaintiffs appeal.—*Reversed.*

TUESDAY, OCTOBER 11, 1892.

*Flickinger Bros.*, for appellants.

*Harl & McCabe*, for appellees.

KINNE, J.—The plaintiffs allege that on December 6, 1888, they recovered a judgment in the superior court of Council Bluffs against Peter C. Miller for three hundred and forty-six dollars and costs; that the defendant, Miller, appealed to the supreme court, where said judgment was affirmed at said Miller's costs; that the defendants in this action were sureties

for said Miller on his *supersedeas* bond, conditioned that, in case the appeal should be affirmed, they would pay the judgment and costs; that since said bond was executed and filed it has been lost.   They attached what they allege to be a substantial copy of the bond. They pray judgment for four hundred dollars and costs. The defendants deny each and every allegation contained in the petition.   A jury was waived, and the cause tried to the court.

I.   On the trial, C. M. Harl, a witness who was shown to have prepared the *supersedeas* bond, was asked this question: "Was it in the usual statutory form of *supersedeas* bonds?" The question was objected to "as incompetent, immaterial, and leading."   When we have in mind the fact that the witness was the attorney for the defendant in the case in which the *supersedeas* bond was given; that he prepared it; that he was an adverse witness,—it is clear that the court should have allowed much latitude to counsel in conducting the examination.   We think he should have been permitted to answer the question.   It is permissible to lead an adverse witness.   The form of the bond was certainly material to be shown, and it was competent to show that it was in the usual statutory form, inasmuch as the statute prescribes the terms and conditions of such bonds.

1. ACTION ON LOST BOND: EVIDENCE: LEADING QUESTIONS.

II.   The same witness was asked why it was that he made the statement in the abstract prepared for use in the supreme court that the defendant had "filed in said supreme court his *supersedeas* bond, with sureties approved by the clerk thereof."   The plaintiffs offered in evidence that part of the abstract above referred to.   Objections were sustained to both the question and the introduction of the abstract.   Both of these rulings were erroneous.   The witness had admitted he prepared the abstract.   His

2. ——: ——: ADMISSIONS.

examination disclosed the fact that his memory as to the bond was defective. It was certainly proper to call his attention to a solemn statement, which he had put into the record, relating to the bond, and ask him to explain it. The record itself was clearly admissible, as bearing upon the testimony of the witness and the weight to be given to it.

III. The appellant insists that the judgment is against the evidence, and wholly unsupported by it. The evidence in this case, which was in fact introduced, was ample to have justified a finding for the plaintiffs. The evidence before the court without conflict, shows the *supersedeas* bond was drawn, executed, filed, and approved. The penalty of the bond was shown. The fact that it was a *supersedeas* bond appears. The appearance, fee, and judgment docket of the court show the filing of a *supersedeas* bond, its penalty, names of sureties, and date of filing. The testimony sufficiently shows that the terms and conditions of the bond were such as are required to be in a *supersedeas* bond; especially is this true where there it an entire absence of evidence to the contrary.

IV. It is claimed that the record of the judgment against Miller was not received in evidence because objections were made and no ruling had thereon. The defendant having a right to insist on a ruling, if he did not do so the presumption is that he waived his objection, and the testimony was admitted. *Gable v. Hainer*, 83 Iowa, 457.

3. ——: ——: objections: waiver.

V. Other questions are raised which, in our judgment, do not warrant extended consideration. We have examined them all, and, while mindful of the settled rule that the finding of the court below should not be disturbed if the evidence is conflicting, we are clear that this is not a case where any conflict exists. There is no evidence which militates against the appellants' right to a judgment. The rulings of the superior court,

it seems to us, were unduly technical, and its judgment unwarranted from any view of the evidence. REVERSED.