C. W. PAYNE, Appellee, v. GEORGE DICUS, and IOWA CENTRAL RAILWAY COMPANY, Garnishee, Appellees; ROBERT GRIFFITH, Intervenor, Appellant.

1. **Practice**: EVIDENCE: FAILURE OF COURT TO RULE UPON MOTIONS. The proper method of objecting to testimony already admitted is by motion to strike it out; and where the court fails at the time to rule upon such motion, and no exception is taken to such failure, and the matter is not again called to the court's attention, and a ruling insisted upon and refused, and an exception taken, it will be presumed that the motion was waived.

2. **Venue**: ACTION ON NOTES: CONFLICTING GARNISHMENTS: PRIORITY. The plaintiff resided in H. county, and the defendant in J. county. The plaintiff held two notes of the defendant, one of them payable in H. county, and the other designating no place of payment, but the defendant, subsequent to its execution, orally agreed that it also should be paid in H. county. The plaintiff brought suit upon both of these notes in H. county, and caused the garnishee herein to be attached as the debtor of the defendant. Afterwards, upon a suit brought by the intervenor against the defendant in J. county, the garnishee was again attached. *Held*, that, since the defendant did not object to the jurisdiction of the court of H. county as to the note not made payable there, the intervenor could not object, and that the garnishment in the plaintiff's action, having been served prior to that in the intervenor's action, gave to the plaintiff the superior right to the debt owing by the garnishee to the defendant.

*Appeal from Henry District Court.*—HON. E. L. BURTON, Judge.

MONDAY, MAY 22, 1893.

ACTION upon certain promissory notes aided by an attachment, in which one Griffith intervened. The facts are stated in the opinion of the court. From a judgment for the plaintiff, the intervenor appeals.— *Affirmed.*

*Jones & Fullen,* for appellant.

*T. A. Bereman,* for appellee.

KINNE, J.—The plaintiff on June 30, 1889, filed a petition in the district court of Henry county, Iowa, against the defendant, claiming judgment therein on two notes, one for six hundred dollars, and the other for two hundred and fifty dollars; both being then due and payable to the plaintiff. The two hundred and fifty dollar note was, by its express terms, made payable at the residence of the plaintiff, which was in Henry county. No place of payment was stated in the six hundred dollar note, but it is shown that, some time after its execution, the defendant verbally agreed with the plaintiff to pay it at the plaintiff's residence, in Henry county. The notes were in separate counts. The petition prayed for an attachment, and on the same day a writ issued, on which, on July 1, 1889, the Iowa Central Railroad Company was garnished. Notice was served on the principal defendant. July 17, 1889, an original notice in the case was served on the defendant, and on August 30, 1889, the defendant entered a voluntary appearance in said cause. The next day the garnishee filed its answer, admitting an indebtedness to the defendant of one thousand, sixty-three dollars and seventy-three cents, less its fees, and in January, 1890, paid said sum to the clerk of the district court of Henry county, in accordance with an order of court. September 20, 1889, judgment was rendered in the plaintiff's favor for the full amount of his claim.

July 3, 1889, the intervenor filed his petition with the clerk of the district court of Jefferson county, Iowa, against the defendant, praying for a writ of attachment, and claiming that the defendant was indebted to him in the sum of four thousand, three hundred and thirty-two dollars and ninety-six cents for lumber taken from the plaintiff's premises in Washington county, Iowa. On July 3, 1889, a writ of attachment issued in said case, directed to the sheriff of Washington county, which was served upon the Iowa Central Railroad Company, as garnishee, the same day. October 16, 1889, said garnishee filed its answer in said cause in Jefferson county district court, averring that, prior to the attachment of said company as garnishee in said cause, it had been attached as garnishee in the case of Payne v. Dicus, pending in the district court of Henry county. August 27, 1889, Griffith filed his petition of intervention in the last above mentioned suit, pleading that the defendant was, at the time of the commencement of the suit of Payne v. Dicus, a resident of Jefferson county; that, the six hundred dollar note not being in terms payable at any particular place, the plaintiff's action was improperly begun thereon, and to that extent his attachment was void; also claiming that the indebtedness from the garnishee was to a partnership of Dicus & Price, not to Dicus alone; that his suit in Jefferson county was against Dicus for an indebtedness owing Dicus & Price,—and praying that the firm money be appropriated to pay his debt as a firm debt. The plaintiff denied the partnership. The case of Griffith v. Dicus is still pending in Jefferson district court. This cause was tried to the court, and a judgment entered for the plaintiff, ordering the money paid to the clerk by the garnishee applied on the plaintiff's judgment, and taxing the costs of the trial on the intervention to the intervenor. The intervenor excepts and appeals.

I. One claim of the intervenor is that the debt. due from the railway company was not due Dicus individually, but to the firm of Dicus & Price; also that the claim upon which the intervenor brings suit is a claim against said firm of Dicus & Price, of which George Dicus is a partner; and so he insists that his claim should be first satisfied out of the firm property, instead of the claim of the plaintiff, which is a personal one against Dicus. Without discussing the evidence in detail, it appears to us that the partnership claimed has not been established. That there were some preliminary steps taken towards forming a partnership we have no doubt, but it appears never to have been fully consummated. It will be observed that the garnishee in its answer shows the indebtedness is due to the defendant Dicus; the contract was made in his name. In his petition of intervention Griffith makes no claim that it is Dicus & Price that owe him, but Dicus alone. While there is some evidence of acts which would tend to show a partnership, still a careful consideration of the entire record leads us to the conviction that no partnership existed.

II. The intervenor moved to dismiss the plaintiff's proceedings because his action was not prosecuted by the real party in interest. The intervenor also objected to certain testimony. He also moved to strike out certain testimony.

1. PRACTICE: evidence: failure of court to rule upon motions.

In case of each of said motions and objections the ruling was reserved. No exception was taken to the action of the court. In the cases where the testimony was objected to, the objection appears not to have been made until after the testimony had been taken. In such case the proper course would have been a motion to strike out the objectionable evidence. If no such motion was made the intervenor has no ground of complaint. As to the motion to dismiss case and strike out testimony, no exceptions.

having been taken to the failure of the court to rule thereon, and it not appearing that the matters were called to the attention of the court afterwards, and before the decision of the case, and a ruling insisted upon, refused, and an exception taken, it will be presumed that the motions were waived. *Gable v. Hainer,* 83 Iowa, 457; *Rosenthal v. Bilger,* 86 Iowa, 246.

III. This is a contest between the plaintiff and the intervenor, both being attaching creditors of the defendant, as to priority of liens, as against the money owing by the garnishee to the defendant, and now in court. It is conceded that the defendant was an actual resident of Jefferson county, Iowa, at the time the suits of the plaintiff and the intervenor were commenced. It is also conceded that as to the two hundred and fifty dollar note, it being payable to the plaintiff, a resident of Henry county, Iowa, the action was properly commenced by the plaintiff in that county, and his attachment is a first lien on the fund to the extent of the amount due thereon. It is also agreed that the plaintiff's attachment was sued out, and the railroad company garnished thereon, prior to the time the intervenor's garnishment was served upon the company. The only remaining question is, should the plaintiff's lien by garnishment, so far as the six hundred dollar note is concerned, be held void, or postponed to intervenor's lien by reason of the fact that the defendant was a resident of Jefferson county when the plaintiff's suit was begun, and for the further reason that said note was not made payable in Henry county. In other words, will a creditor who holds two notes, one of which is payable to him at his residence, and one of which is not payable at any particular place, and who begins suit on both in one action in the county of his (the creditor's) residence, and obtains a lien by garnishment, have a superior claim or lien to another

*2. VENUE: action on notes: conflicting garnishments: priority.*

creditor, who obtains a lien by a garnishment subsequently served, but on a writ issued in a suit begun in the county where the principal defendant resided when both suits were commenced?

The determination of this question involves a construction of sections 2580 and 2589 of the Code. That part of section 2580 material to this inquiry, and which relates to the bringing of suits aided by attachment, provides: "If such defendant is a resident of this state, such action must be brought in the county of his residence, or that in which the contract was to be performed." Section 2589 reads: "If a suit be brought in the wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demand a change of place of trial to the proper county." The intervenor contends that, the defendant being a resident of Jefferson county, the attachment in this case is void as to the six hundred dollar note. We think, at most, it was only voidable.

The opinion of the learned trial judge touching this question was as follows:

"In the first place, the action was properly brought in Henry county, as one of the notes was payable in that county; hence, under the strict construction of section 2580 of the Code, this action was properly aided by attachment, and the writ was not void, but was a valid writ, and was legally served upon the garnishee herein. Now, the writ being valid, and not void, it seems to me that no one but the defendant could take advantage of the fact that the action was also brought upon the six hundred dollars, as well as the two hundred and fifty dollar note. The defendant has made no motion to have any part of the action transferred to Jefferson county, but upon personal service he has permitted judgment to be rendered against him upon the two notes sued upon. He has made no motion to have any portion of the money

secured by said attachment released from the levy. He has not attacked the writ or its service in any manner.

"The intervenor cites the case of *Wasson v. Millsap*, 70 Iowa, 348. But that case is not like the one at bar. The defendant in that case appeared and satisfied the court that he was sued in the wrong county, and moved the court to transfer the case to the county of his residence. This motion was sustained and the cause sent to Jasper county for trial. In the last named court the defendant moved to dissolve the writ on the ground that it was issued without jurisdiction, and the supreme court say this motion should have been sustained. It is true, the writer of the opinion uses the word 'invalid,' but he evidently uses it in the sense of 'voidable.' To illustrate, the district court of Polk county, where the action was brought, had jurisdiction over the subject-matter of the suit, and over the defendant. The clerk of the court had the legal power to issue a writ of attachment in that case, as well as in any other case, for aught that appeared upon the petition itself. The district court of Polk county was a court of general jurisdiction, and had the power to hear, try, and determine that case, unless the defendant moved to transfer it to the proper county. The court, unless the transfer was made, had the power, not only to try the cause upon its merits, but it had the power to make all proper orders relating to the attach-. ment, and the attachment could not be attacked collaterally upon the ground that the writ was void. The writ was not void, but was voidable only, upon the motion of the defendant. It seems to me that section 2589 of the Code can have no other construction. It says: 'If a suit be brought in the wrong county, it may there be prosecuted to a termination, unless the defendant, before answering, demand a change of place of trial to the proper county.'

"Now, in the suit at bar, the court had jurisdiction over the subject-matter and over the person. The clerk had the right to issue the writ of attachment, and the sheriff to serve it. The entire suit was before the court, without objection by the defendant; hence, under the statute, it may be prosecuted to a termination. I am of the opinion that, the defendant not having made any objection to the form in which this suit is brought, the intervenor has no right to do so, and the attachment, to the extent of the judgment, must be regarded as valid."

Referring to the case of *Haller v. Parrott*, 82 Iowa, 42, after stating the facts, and quoting from the opinion of this court, he says: "It seems to me the better way is to hold that the writ is voidable only, and not absolutely void. If the defendant does not see fit to ask that the writ be quashed, no one else ought to have the right. But the case of *Haller v. Parrott*, like the case of *Wasson v. Millsap*, is not in point. In the case at bar the action was brought in the proper county; the writ was valid; the action as to the six hundred dollar note was not transferred to any other county. The district court of Henry county had jurisdiction to render judgment upon each note, no objections having been made."

We approve the views expressed by the trial judge, and they are so clear and persuasive as to need no further elaboration. It will be noticed that section 2589 of the Code, which provides for a change of place of trial when suits are brought in the wrong county, does not by its terms exclude cases of suits begun by attachment. The language used is general, and there appears to be no reason why it should not be held applicable to the case at bar. The result reached here is not in conflict with the holding in *Orcutt v. Hanson*, 71 Iowa, 514.

The judgment below is AFFIRMED.