## WALKER v. CLARK et al.

In action against partners, a service upon one member of the firm is sufficient, and it is not necessary that the return should show that it was served upon the member of the firm employed in the general management of the business.

Each member of a partnership is an agent for all the others in the firm business, and a service upon any member is sufficient.

An affidavit of a member of a partnership, stating that he had been absent, and for that reason was unable to prepare his defense, but containing no excuse as to the other partners, makes no such showing as will justify the court in setting aside a default.

*Appeal from the Johnson District Court.*

THURSDAY, JUNE 9.

JUDGMENT against defendants by default, from which they appeal.

*J. Clark,* for the appellants.

*Mackay & Bradley,* for the appellee.

WRIGHT, C. J.—It is first objected that defendants were not served with notice of the pendency of the action. The return of the sheriff shows, that the original notice was served by reading the same to Clark and Griffith, two members of the firm of Clark, Getchell & Griffith, and the record shows that the defendants were liable as partners. Such a service is good. Code, sec. 1728; *Saunders* v. *Bentley, post.* It is not necessary that the return should show, where the service is upon a member of a partnership, that it was made upon the member employed in the general management of the business. Where the service is upon an agent of a partnership or corporation, it should appear that he was thus employed in the general management of their business. Each member of a partnership, however, is an agent for all the others in the firm business, and service upon any one is sufficient.

The second point is, that the court below erred in refusing to set aside the judgment by default, upon the showing made by defendants.   There was no such abuse of the discretion lodged with the court below, over matters of this nature, as to justify our interference.   No reasonable excuse is shown for having made default—no sufficient affidavit of merits filed—and no plea or answer accompanies the showing.   It is true, the defendant making the affidavit, says he had been absent, and for that reason was unable to prepare his defense ; but there is nothing to show but that the other defendants had ample time, opportunity, and ability to prepare it.

It is conceded by appellee, that the judgment is for more than was owing upon the notes, and he remits the same. As to such excess, the judgment below will be corrected, and in other respects affirmed—appellee paying the costs of the appeal.