BRUMWELL & Co., Appellants, v. STEBBINS BROS. *et al.*, Appellees.

**Attachment:** WRIT AGAINST PARTNERSHIP PROPERTY: GARNISHMENT OF DEBT DUE INDIVIDUAL PARTNER.  In an action against .the firm of S. Bros. the plaintiffs filed an attachment bond payable to said firm, and caused a writ of attachment to issue against the property of the firm alone, under which was garnished a debt due to S. S. & Co., a part-nership composed of two of the members of the firm of S. Bros.  Sub-sequently the plaintiffs amended their petition making the individual members of the firm of S. Bros. parties, and praying a personal judg-ment against them, but no attachment was issued against their

property, and before such amendment was filed the garnishee had, with the consent of S. S. & Co., paid the amount for which he was indebted to one of the creditors of that firm. *Held*, that the writ of attachment authorized the attachment of the property of S. Bros. only, and that the garnishment did not entitle the plaintiffs to money due from the garnishee to S. S. & Co.

*Appeal from Woodbury District Court.*—HON. GEO. W. WAKEFIELD, Judge.

WEDNESDAY, OCTOBER 14, 1891.

THE plaintiffs claim a right to certain money in the hands of a garnishee paramount to that of certain interveners and others. On the final hearing a decree was rendered in favor of the interveners. The plaintiffs appeal.—*Affirmed.*

*Lutz & Sears*, for appellants.

*Lothrop & Doty*, for appellees.

ROBINSON, J.—At some time prior to the tenth day of September, 1888, James Stebbins, R. H. Stebbins, Sam Stebbins and George Freeland were engaged in business as copartners under the firm-name of Stebbins Bros. On the date named the plaintiffs commenced this action against Stebbins Bros. as a firm, the members not being named, and as grounds for attachment stated "that defendants [Stebbins Bros.] are about to remove their property out of the state without leaving sufficient for the payment of their debts; that defendants [Stebbins Bros.] are about to remove permanently out of the county, and have property therein not exempt from execution; and that they refuse to pay or secure plaintiffs." An attachment bond was filed, which was made payable to Stebbins Bros. as a firm, and a writ was issued against the property of the firm, but not against the individual property of its members. On the day after the action.

was commenced a notice of garnishment was served upon A. Nystrom, requiring him to answer as to money or other property in his hands due or belonging to Stebbins Bros. as a firm.   At that time Nystrom had in his possession money to the amount of four hundred dollars which was the individual property of Sam Stebbins & Co., a partnership of which Sam Stebbins and George Freeland were the only members.   When the notice of garnishment was served, John Hornick, Needham & Co. and Conway & Hellman were creditors of Sam Stebbins & Co.   Immediately after the service of the notice on him, Nystrom, by virtue of an agreement with Sam Stebbins & Co., paid the four hundred dollars in his hands to Hornick to be held in trust for Nystrom, so far as it should be required, to answer any order of court which might be made in the garnishment proceedings, and then to be held by Hornick for his own benefit, and for the benefit of the other creditors of Sam Stebbins & Co.   In November, 1888, Needham & Co. and Conway & Hellman commenced actions on their respective claims against Sam Stebbins & Co., which were aided by attachment, and notices of garnishment were served on Hornick.   Judgments were afterwards recovered in those actions for sums which amounted in the aggregate to three hundred and fifty-six dollars and sixty-four cents.   Neither the original notice nor the writ of attachment in this action was served on Sam Stebbins or George Freeland. In November, 1888, Nystrom filed his answer to the notice of garnishment, denying indebtedness to the firm of Stebbins Bros., and denying that he had possession of any property which belonged to that firm. At the same time, Sam Stebbins and Freeland appeared and filed their petition of intervention, claiming the four hundred dollars in the hands of Nystrom as their property, and that no part of it belonged to the firm of Stebbins Bros.   In January, 1889, the plaintiffs.

filed an amendment to their petition, making the members of the firm of Stebbins Bros., including Sam Stebbins and Freeland, parties defendant, and asking a personal judgment against them; but no further notice or process of any kind was issued or served in the case. Sam Stebbins and Freeland answered the petition as amended, denying its averments, but judgment was subsequently rendered against them for the amount due the plaintiffs from Stebbins Bros. After that was done, the cause, so far as it related to the priority of liens, was transferred to the equity docket, and tried as in equity. The district court decreed that the four hundred dollars in controversy be first applied to the payment of the firm debts of Sam Stebbins & Co., to-wit, the debts due to Hornick, Needham Bros. and Conway & Hellman, in the order named,—the remainder, if any, to be paid upon the judgment in favor of the plaintiffs.

The plaintiffs insist that their judgment should be first paid. The question we are required to determine is whether the notice of garnishment issued in this action, and served on Nystrom, was effectual to hold the money in his hands for the payment of the claims of the plaintiffs. If it was, the decree of the district court was erroneous so far as it made the right of the plaintiffs junior to the claims of the creditors of the firm of Sam Stebbins & Co. A partnership is a distinct legal entity, capable of transacting business, making contracts, and of suing and being sued as such in the partnership name. Code, sec. 2553; _Richard v. Allen_, 117 Pa. St. 199; 11 Atl. Rep. 552. In _Mason v. Rice_, 66 Iowa, 174, a ground for attachment against all the defendants was stated in the petition, and a writ of attachment against their property was asked, but the condition of the attachment bond was that the plaintiff would pay such damages as the firm of which the defendants were members should sustain by reason of

the wrongful suing out of the writ, and the writ was issued against the property of the firm alone. The property of one of the partners was seized under the writ. This court held that such seizure was wrongful, for the reason that the name of the partner was not mentioned in the writ, that the bond was not designed for his benefit, and that his right of action was not on the bond, but against the officer who committed a trespass in taking his property. Applying the doctrine of that case to this, we must hold that the writ issued against Stebbins Bros. authorized the attachment of firm property only, and therefore, that the service of notice of garnishment on Nystrom did not create a right to have appropriated the money then in his hands which belonged to the firm of Sam Stebbins & Co. He was under no obligation to hold it to respond to any order which might be made in the garnishment proceedings, and, when he paid it to Hornick, the fact that he did so under an agreement by which it was to be used in satisfying any judgment which might be rendered against him gave the plaintiffs no right to have the money appropriated for their use. The agreement under which the money was paid to Hornick was made for the protection of Nystrom, and to secure the money for the creditors of its owner, and not in any respect for the benefit of the plaintiffs.

It is said that the appellees ought not to be permitted to question the sufficiency of the attachment, for the reason that no motion was made in the district court to discharge it. Since the service of the notice of garnishment was not effectual to hold the money, nor to create any liability on account of it, there was no attachment to discharge. Moreover, the validity of the alleged attachment was denied, and a release of the money asked by its owners in their petition of intervention, and it cannot be said that they have in any manner assented to or recognized it as of any legal force.

The decree of the district court settled the rights of the creditors of Sam Stebbins & Co. according to the agreement under which the money in controversy was paid to Hornick, and fixed the order in which their claims should be paid.

We find no error in the decree, and it is, therefore, AFFIRMED.