BAXTER, REED & CO. v. C. W. ROLLINS & CO., ALICE SCHLEITER and RESSA SCHLEITER.

**Appeal:** NOTICE ON PARTNERSHIP AND PARTIES. Where a judgment is in favor of a firm and its members, and notice of appeal is not served on the firm, no relief against the members dependent on a reversal as against the firm can be granted, for the appeal cannot be prosecuted as to it.

*Appeal from Ida District Court.*—HON. S. M. ELWOOD, Judge.

TUESDAY, JANUARY 23, 1900.

THIS is the third appeal in this case. See 90 Iowa, 217, and 99 Iowa, 226. This action is for judgment against

C. W. Rollins & Co., and the other defendants named as members of said co-partnership, for the balance due upon a promissory note executed in the name of said firm by C. W. Rollins, its manager, for money borrowed and used in the firm's business. C. W. Rollins failed to appear, and judgment was rendered against him on default. The defendants Alice Schleiter and Ressa Schleiter, for themselves and for C. W. Rollins & Co., answered at length, setting up various defenses in favor of said company and in favor of themselves individually, including the defense that C. W. Rollins had no authority to borrow money on the credit of the firm, nor to execute the promissory note sued upon, as plaintiff knew. Plaintiff replied, joining issues on the affirmative allegations of the petition; and upon the issues joined the case was tried to a jury, and verdict returned against the plaintiff, upon which judgment was rendered, and from which the plaintiff appeals.—*Dismissed.*

*Chas. C. Warren, Homer S. Bradshaw* and *Will E. Johnston* for appellant.

*Storey & Gaines* and *E. R. Duffie* for appellees.

GIVEN, J.—The defendant Ressa Schleiter is repeatedly named in the record as Ressa Gaines, from which we infer that she has married pending this action; but, for convenience, we will continue to use the name by which the action was brought against her.

The defendants Alice Schleiter and Ressa Schleiter move to dismiss the appeal upon the ground that no notice thereof was served upon the defendants C. W. Rollins & Co. It will be observed that judgment was rendered on default against the defendant C. W. Rollins, and that judgment was rendered on the verdict in favor of C. W. Rollins & Co., Alice Schleiter, and Ressa Schleiter, to which plaintiff excepted. The notice of appeal is entitled, "Baxter, Reed & Co., Plaintiff, v. C. W. Rollins, Alice Schleiter, and Ressa

"Schleiter, and Ressa Gaines, nee Schleiter, Defendants."
It is addressed to "Alice Schleiter, Ressa Gaines, nee
Schleiter," and to their attorneys named, and to the clerk
of the district court, and notifies them that plaintiff appeals
"from all rulings and orders of said court made in said
case to which plaintiff took exceptions." Service was accepted
by "E. R. Duffie, attorney for defendants Alice Schleiter
and Ressa Gaines," and by "T. F. Brannan, clerk of the
district court of Ida county, Iowa." The defendant C. W.
Rollins & Co. is not mentioned in the notice, nor was service
accepted for or made upon that defendant. Plaintiff's coun-
sel contend that service of notice on one partner in an action
against a firm confers jurisdiction to render judgment
against the firm, and cites *Saunders v. Bentley,* 8 Iowa,
516; *Walker v. Clark,* 8 Iowa, 474; *Gregory v. Harmon,*
10 Iowa, 445; *Hale v. Van Saun,* 18 Iowa, 19. These cases
hold to the effect that, in an action against a firm, service
of original notice, addressed to the firm, on one of its mem-
bers, was a service on the firm. The cases are not in point,
as this notice is not addressed to the defendant firm, and
does not purport to show an appeal as to it. The plaintiff
excepted to the judgment in favor of the firm, and could
have had the same reviewed on errors assigned, as between
plaintiff and said firm, if the firm had been served with
notice of appeal; but, no such notice being served, the judg-
ment is a final adjudication, as between them, that the
defendant firm is not indebted on the note sued upon. Where
a party to the record is not served with notice of appeal,
the appeal cannot be prosecuted as to him, and no relief
based upon a reversal of the judgment against him can be
granted in the appellate court. *Hunt v. Clark,* 46 Iowa,
291; *Hunt v. Hawley,* 70 Iowa, 183.

The relief asked against Alice and Ressa Schleiter is
to charge them, as members of the firm of C. W. Rollins
& Co., with the alleged indebtedness of that firm on the
note sued upon; and we now inquire whether that relief

can be granted without reversing the judgment in favor of C. W. Rollins & Co. Section 3468 of the Code contains the following: "Actions may be brought by or against a partnership as such, or against all or either of the individual members thereof, or against it and all, or any, of the members thereof." Plaintiff could have brought an action against Alice and Ressa Schleiter, or either of them, to charge them with this partnership debt, without joining the firm; but, to maintain such action, the plaintiff would have to show that the alleged indebtedness existed. In such a case it would be a complete defense to show that, as between the plaintiff and the alleged debtor, it had been finally adjudicated that there was no indebtedness as claimed. As the case now stands, the plaintiff can never assert this indebtedness against C. W. Rollins & Co., and therefore cannot assert it against Alice and Ressa Schleiter, as members of that firm. The relief asked cannot be granted without reversing the judgment in favor of C. W. Rollins & Co., and this we cannot do, as that company is not made a party to this appeal. The motion to dismiss the appeal is sustained.—DISMISSED.

GRANGER, C. J., not sitting.