[No. 1016.  September 13, 1904.]

GEORGE S. GOOD, F. C. HITCHCOCK, and JAMES KERR, Partners Under the Firm Name of GEORGE S. GOOD & COMPANY, alias GEO. S. GOOD & CO., Plaintiffs in Error, v. THE RED RIVER VALLEY COMPANY, Defendant in Error.

SYLLABUS.

An action against G. H. and K., partners under the firm name of George S. Good & Company, is an action against individual partners and not against the firm as such under section 2943, Compiled Laws of 1897, and does not authorize a judgment against the firm as such or the individual members not served.

Appeal from the district court of Santa Fe county, before JOHN R. M'CFIE, Associate Justice. Reversed and remanded.

JONES & ROGERS for plaintiffs in error.

The venue was improperly changed to the district court for Santa Fe county, and that court should not have entered any judgment in the cause. There was not a substantial compliance with the statutes.

> Compiled Laws of 1897, secs. 2879 to 2884, inclusive.

Notice of application for a change of venue is essential where the statute provides for such notice.

> Marble v. Bonhotel, 35 Ill. 249; 4 Ency. Pl. and Pr., p. 429, and authorities cited, and p. 488; State v. Potter, 16 Kas. 80; Benedict v. Johnson, 57 N. W. 66.

If the judgment entered in this cause is against the partnership it is void, because no suit was brought against the partnership.

> 15 Ency. of Pl. and Pr., p. 850; Davidson et al. v. Knox et al., 7 Pac. 413.

If the judgment was against the three members of the partnership it is erroneous, because only one of the partners was served with process.

> Langley et al. v. Grill et al., 1 Colo. 72; Swift et al. v. Green et al., 20 Ill. 173; Arnold et al. v. Sanford, 14 Johnson 417; 6 Ency. Pl. and Pr., p. 17, note.

GEORGE P. MONEY for defendant in error.

After defendant has made default he is out of court and not entitled to take any further step in the cause affecting plaintiff's right to recover.

> 6 Ency., Pl. and Pr., 126, par. 4.

And no notice is necessary to be given defendant upon taking default.

> McBrien v. Riley, 57 N. W. 385; Searles v. Lawrence, 65 N. W. 34; National Fertilizer Co. v. Hinson, 103 Ala. 532; 6 Ency. Pl. and Pr., 127-f.

A partnership consisting of several persons must sue or be sued by their names at length, and not in the name of the firm.

> 1 Estee (Last Ed.), secs. 510 and 518.

There was no motion for a new trial or a rehearing.

> Neher v. Armijo, 66 Pac. 518; 68 Pac. 914.

An application to open a default is not a proper remedy where the default or judgment thereon is irregular or void.

> Braddee v. Brownfield, 2 W. & S. (Pa.) 279.

A motion to vacate a judgment by default cannot be based on a proper defense—as infancy—which should have been properly pleaded.

> Appel v. Brooks, 54 N. Y. St. Rep. 63.

The power of the court to enter the judgment cannot be drawn in question.

> Durham v. Moore, 48 Kas. 135, 29 Pac. 472; Huston Tp. Co-op. Mut. F. Ins. Co. v Beale, 1 Atl. 926; Neitert v. Trentman (Ind.), 4 N. E. 308-312-314.

A denial of the amount of the indebtedness alleged in the complaint and a confession of indebtedness in another amount is a general appearance and waives defect of service, although the appearance is claimed to be special.

> Sealy v. Cal. Lumber Co., 19 Oregon 94; York v. York, 3 N. Dak. 343; Security L. & T. Co. v. Boston, etc., 58 Pac. 941; Life Ins. Co. v. Robbins, 80 N. W. 485; 2 Estee's Pl., sec. 3956; Bara P., 69 Pac. 1074; Frank v. Zeigler, 33 S. E. 762.

A false return is sufficient to confer jurisdiction at common law where it is regular on its face, as the remedy therefor is against the sheriff.

> 18 Ency. Pl. and Pr. 906, 965 (3) and note 3, (2 Ed.), 1177; Trimble v. Electric Co., 89 Fed. 51; McDonald v. Leewright, 77 Am. Dec. 631; Newton v. State Bank, 58 Am. Dec. 363; Phillips v. Ellwell, 84 Am. Dec. 376; Tillman v. Davis, 73 Am. Dec. 786; Hallowell v. Page, 24 Mo. 590; Heath v. Missouri Ry., 83 Mo. 624; Cully v. Shink, 30 N. E. 882; Green et al. v. Kindy, 5 N. W. 297; Low v. Mills, 61 Mich. 35; Bank v. Downes, 29 Vt. 332; 22 Ency. Law (1 Ed.), 193; Stork v. Michaels, 17 N. W. 834; Goddard v. Harber, 44 Pac. 1056; Shanklin v. Francis, 59 Mo. App. 178, 1 Mo. App. 15; Home Ins. Co. v. Webb, 61 S. W. 79; Wilson v. Moss, 7 Heisk. 418.

Especially is this true if diligence is not exercised.

> Pitzele v. Lutkins, 85 Ill. App. 662.

It is conclusive if there is no fraud or collusion between officer and plaintiff.

> McClung v. McWhorter, 34 S. E. 740; Ramsberg v. Kline, 31 S. E. 608; Preston v. Kindrick, 27 S. E. 588; World's Col. Exp. v. Scala, 55 Ill. App. 207; 18 Ency. Pl. and Pr., 948; 22 Ency. Law (1 Ed.), 196, note 5; Providence Sav. Asso. v. Ford, 114 U. S. 635; Sullivan v. Niehoff, 27 Ill. App. 421; Higley v. Pollock, 27 Pac. 895; U. S. v. Gayle, 45 Fed. 107; Allen v. Hickey, 53 Ill. App. 437; Tatum v. Baxter (Tenn.), 360.

It is not like an ordinary issue of fact to be determined by a preponderance of the evidence.

> Randall v. Collins, 58 Tex. 232; Paul v. Malone, 87 Ala. 544; Wyland v. Frost, 75 Ia. 209; Murrer v. Security Co., 30 N. E. 879.

Oath of one witness is not sufficient to overturn it.

Driver v. Cobb, 1 Tenn. Ch. 490; Gatlin v. Dibrell, 74 Tex. 36; Randall v. Collins, 58 Tex. 231; Seargent v. Meade (Sup. Ct.), 1 N. Y. Suppl. 589.

On grounds of public policy the return of the officer should be deemed strong evidence of the facts which the law requires him to certify.

Starkweather v. Morgan, 15 Kas. 274; 18 Ency. Pl. and Pr., 964.

It is the fact of service and not proof thereof that gives the court jurisdiction.

Hennan v. Santee, 37 Pac. 509; Wilcox v. Sweet, 24 Mich. 355; Stotz v. Collins, 83 Va. 423; Freeman on Judgments (4 Ed.), sec. 89.

A pending offer of compromise is not of itself sufficient excuse for a failure to appear to the action.

6 Ency. Pl. and Pr., 163, and note 2; Goldenberg v. Carter, 28 Ind. 59; Bailey v. Teafe, 29 Cal. 422; Manning v. Roanoke, etc., R. R. Co., 28 S. E. 968; Frear v. Heichert, 34 Minn. 96; Barnes v. Am. Mut. F. Ins. Co., 87 N. W. 699; 6 Ency. Pl. and Pr., 170, note; Post v. Carr, 24 S. E. 583.

Ignorance of time, or that the law requires answer within a definite time is no ground to open up a judgment.

Chase v. Swain, 9 Cal. 130.

And if a defendant is told by the sheriff and his attorney that he need not appear, he is not excused for not appearing.

Low v. Hamilton, 132 Ind. 406; 6 Ency. Pl. and Pr., 206, note 2; Kite v. Lumkin, 40 Ga. 506; Post v. Carr, 24 S. E. 583; Moore v. Kelly and Jones Co., 35 S. E. 168; Williams v. Grooms, 122 Ind. 392; Robertson v. Bergen, 10 Ind. 402, 6 Ency. Pl. and Pr., 162 to 165, inclusive, and notes; Dean v. Loucks (q. v.), 58

Hun (N. Y.) 555; Ellis v. Butler, 78 Ia. 632; North Am. Ins. Co. v. Swineford, 28 Wis. 257; Butte Butch Co. v. Clark, 48 Pac. 303; Swigart v. Holmes, 96 Ind. App. 43; A. W. Stevens Co. v. Kehr, 93 Ill. App. 510; Washington Mill Co. v. Marks, 67 Pac. 565; Coponigri v. Cooper, 74 N. Y. Suppl. 1116; Hatter v. Spokane Soap Works, 42 Pac. 126; 6 Ency. Pl. and Pr., 218.

On the taking of default, where the action is for the recovery of money, the clerk shall ascertain the amount.

Subsec. 106 of sec. 2685, Comp-Laws, 1897; Hargroaves v. Coak, 15 Ga. 332; 48 Conn. 365; Nesbit v. Lawson, 1 Ga. 287; Roberts v. Priot, 20 Ga. 562; Mitchell v. Addison, 20 Ga. 53. See, also, Slater v. Skirving, 70 N. W. 595; Mitchell v. Allen, 34 S. E. 851; Reeder v. Lockwood, 62 N. Y. Supp. 716; Steamship Co. v. Seager, 52 N. Y. Supp. 985; The Ohio Cen. Trust Co. v. The Cent. Trust Co., 133 U. S. 83; Last Chance Mine Co. v. Tyler Min. Co., 157 U. S. 683, at page 736 of 15 Sup. Ct. Rep; Freeman on Judgments (4 Ed.), sec. 330; Bigelow on Estoppel, p. 77; Dunmick v. Campbell, 31 Cal. 238.

As to the assessment of damages:

Gringon v. Astor, 2 How. 319; Tyler v. Defrees, 11 Wall. 331; Erwin v. Lowry, 7 How. 172.

A copartnership must sue and be sued by its members.

25 S. W. 409; Davidson et al. v. Knox et al., 67 Cal. 143; Lewinson v. Bank, 70 Pac. 567; Morrissey et al. v. Schneider, 26 N. W. 476; Redemeyer v. Hanley et al., 40 Pac. 230.

The use of the words "defendant" and "defendants" is of no weight in view of the entire record.

N. M. & S. B. Ry. Co. v. Madden, 7 N. M. 217; Trust Co. v. Madden, 6 N. M. 166-7; Civil

Code, secs. 68 and 85; also, see, Comp. Laws 1897, sec. 3141.

OPINION OF THE COURT.

PARKER, J.—This is an action brought by defendant in error against the plaintiffs in error in the district court of the Fourth judicial district sitting in and for the county of San Miguel. After service of process upon one of the partners a change of venue was granted to the district court of the First judicial district, sitting in and for Santa Fe county. There judgment by default was entered against the plaintiffs in error.

In the absence of statute the contract of a firm is the joint obligation of all the partners and all must be sued personally. The words "partners under the firm name of ———" are ordinarily merely *descriptio personae.*

Innovations have been made by statute in several States. In some it is provided in terms that a partnership may be sued by its common name without giving the individual names of its members. Leach v. Milburn Wagon Co., 15 N. W. 232; Whitman v. Keith, 18 O. St. 134; Moore & McGee v. Burns & Co., 60 Ala. 269; Davidson v. Knox, 67 Cal. 143. In others it is provided that a partnership may sue or be sued *as such* and judgment rendered against it *as such,* which judgment may be satisfied out of the partnership property or the individual property of such members as have been served or appear.

When the action is against the firm *as such,* service on one member is sufficient service on the firm. This is the New Mexico statute, section 2943, Compiled Laws 1897. This statute is a copy, with but slight immaterial variation, of the Iowa statute which has been construed to authorize actions against a firm by the firm name. Hansmith v. Espy, 13 Ia. 432; Brumwell v. Stebbins

Brothers, 83 Ia. 425.    The language is susceptible of no other construction.

It is only when a default is made, as in this case, that it becomes at all important to determine whether an action is against a firm *as such* or against the partners as individuals.    If they are all served or appear, in an action against the firm as such, the same kind of a judgment can be rendered as if they had been sued as individuals, viz.: a judgment which could be satisfied out of both the firm property and the individual property of the partners.    But partners, when sued, have a right to rely upon the nature of the action as disclosed by the complaint and to act accordingly.    If sued as individuals, they know that no judgment can be rendered which will bind them until they have been served with process.    If sued as a firm, they know that service on one member of the firm will authorize a judgment which can be satisfied out of the firm property.    They might, therefore, feel called upon to appear and defend against an action against the firm, while they might not, unless served with process, if the action be against them as individuals.    The plaintiff, therefore, must elect which way he will proceed and follow the procedure required in each case.

In this case the complaint is under the caption as follows:    "Red River Valley Company, a corporation, versus George S. Good, F. C. Hitchcock and James Kerr, partners under the firm name of George S. Good & Company, alias Geo. S. Good & Co."    In the body of the complaint the defendant in error alleges:

"That at the times hereinafter mentioned the said defendants, George S. Good, F. C. Hitchcock and James Kerr, were, and now are, copartners, and doing business in said county . . . under the firm name of George S. Good & Co., alias Geo. S. Good & Co."

The summons is directed to George S. Good, F. C. Hitchcock and James Kerr, partners under the firm name of George S. Good & Company, alias Geo. S. Good

& Co., defendants. The return of the sheriff upon the summons shows service upon the said F. C. Hitchcock, which is the only service attempted to have been made in this case. After return day defendant in error filed a motion for default, in which for the first time it appears that it attempted to treat the partnership as a distinct entity and as having been sued rather than the individual members. Likewise in the judgment afterwards rendered the words "defendant, George S. Good, F. C. Hitchcock and James Kerr, partners under the firm name of George S. Good & Co. (otherwise called Geo. S. Good & Co.)" are used. But, of course, this change in the motion for default and in the final judgment in this case from "defendants" to "defendant" can have no effect upon the rights of plaintiffs in error, they forming no part of the procedure employed to acquire jurisdiction over them.

This is clearly an action against the individual members of the firm and not against the partnership as such. The complaint and summons give no hint that service on one partner will be relied upon for judgment which will bind the firm as such. If the judgment is to have that effect, it goes far beyond the scope upon which the partners not served had a right to rely. If the judgment is to be construed as a personal judgment against the partners, as indeed it is in terms, then it must be construed void as to the partners not served. That this is the construction of such pleading given by the courts of other States, see 15 Ency. Pl. and Pr., 850, and notes 1 and 2, where the cases are collected.

It follows that the judgment was erroneous as to the partners not served. In the absence of any application to that effect, it is unnecessary to consider whether this court could modify, and affirm as modified, the judgment so as to make it a personal one against the partner served. A modification so as to make it a judgment against the firm as such is suggested, but this can not be done for the reason already pointed out.

A further question arises on the change of venue, but we do not deem it proper to pass on the same now. The venue was changed after service on one partner, no service being had on the other partners.    All defendants moved to vacate the default and tendered answer. Whether this did not amount to a general appearance and a waiver of any irregularity in the change of venue, properly arises for the first time in the district court and will there be decided.

For the reasons stated, the judgment will be reversed and the cause remanded for further proceedings in accordance herewith, and it is so ordered.

Baker, Mann, and Pope, JJ., concur.

McFie, A. J., having tried this cause below, and Mills, C. J., being disqualified, did not participate in this decision.