[Civ. No. 819.   First Appellate District.—July 15, 1911.]

## THE JOHN BOLLMAN COMPANY, a Corporation, Appellant, v. S. BACHMAN & COMPANY, a Copartnership, et al., Respondents.

Action Against Partnership — "Common Name"—Construction of Code — Pleading — Amendment — Adding Members as Parties—Statute of Limitations — Judgment Affirmed.—In an action against a partnership, as transacting its business "under a common name," pursuant to section 338 of the Code of Civil Procedure, which provides that "the associates may be sued by such common name," in which, prior to an amendment to the complaint adding the members of the partnership as parties, the statute of limitations had run against them as individuals, their demurrer to the amended complaint on the ground that the action was barred as to them was properly sustained, without leave to amend as to them, and the judgment rendered in their favor must be affirmed upon appeal.

Id.—Sole Defendant Under Code Provision—Form of Judgment Before Code Amendment.—In an action brought under section 388 of the Code of Civil Procedure, the association designated by the common name is the only proper party defendant; and the only judgment authorized thereunder prior to the amendment of 1907 was a judgment binding the joint property of the associates.

Id.—Copartnership Sued by Common Name—Distinct Legal Entity. A copartnership sued under section 388 of the Code of Civil Procedure by its common name, as that section stood when this action was commenced, is to be regarded as a distinct legal entity.

Id.—Amendment of Code Pending Suit — Judgment not Taken Against Defendant Served — Failure to Appeal—Modification not Permissible.—The scope and effect of the amendment of 1907 of section 388 of the Code of Civil Procedure pending suit, upon a judgment not taken against the individual property of a defendant served with summons, cannot be considered, nor can it be modified where no appeal is taken therefrom; but the only appeal taken is from a wholly distinct and separate illegal judgment against members of the partnership, whose rights were barred by the statute when made parties defendant to the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

Heller, Powers & Ehrman, for Respondents.

HALL, J.—Plaintiff on the fourth day of January, 1907, filed a complaint in an action for goods sold and delivered, against "S. Bachman & Company." It was alleged in the complaint that "the defendant S. Bachman and Company was a copartnership," but no attempt was made in the original complaint to allege who comprised the copartnership. The prayer was for judgment against "the defendant."

In other words, the action was brought under section 388, Code of Civil Procedure, which provides that persons associated in business and transacting such business under a common name may be sued by such common name.

Subsequently, and after the statute of limitations had run against the action, the plaintiff amended its complaint so as to make the title read: "The John Bollman Company, a corporation, Plaintiff, vs. S. Bachman & Company, a copartnership, Simon Bachman and Arthur Bachman, copartners doing business under the firm name of S. Bachman & Company, defendants," instead of, "The John Bollman Company, a corporation, Plaintiff, vs. S. Bachman & Company, a copartnership, defendant."

The amended complaint also contains appropriate allegations to charge Simon Bachman and Arthur Bachman, and the prayer is for judgment against "the defendants."

The defendants "Simon Bachman and Arthur Bachman, copartners doing business under the firm name of S. Bachman & Company," filed a demurrer to the amended complaint, pleading the bar of the statute of limitations.

This demurrer was sustained without leave to amend.

Thereafter plaintiff amended its complaint by eliminating from the title the words, "Simon Bachman and Arthur Bachman, copartners doing business under the firm name of S. Bachman & Company."

The defendant S. Bachman & Company filed its answer thereto, and after trial and verdict rendered, judgment was entered against S. Bachman & Company, a copartnership, on May 7, 1909.

Subsequently, on May 17, 1909, a judgment was also entered upon demurrer sustained to the effect that plaintiff take nothing as against S. Bachman and Arthur Bachman.

It is from this latter judgment only that any appeal was taken, the notice of appeal explicitly referring to and describing the latter judgment, both by the date of its entry and reciting the substance thereof.

The appellant contends that the court erred in sustaining the demurrer and also in entering two different judgments in one action.

Both questions are to be determined, we think, by the answer to the question, Did the amendment bring in new defendants?

Respondents concede that no new cause of action was stated by the amended complaint, but contend that by the addition of Simon Bachman and Arthur Bachman as parties defendant new parties were brought in, and that for the first time a cause of action was stated against them, to which they were entitled to plead the statute of limitations.

The contention of the appellant, on the other hand, is that suit brought against a copartnership, by the copartnership name only, is a suit against all the members of the copartnership, in which the judgment can only be enforced under the section (388, Code Civ. Proc.) as it existed when this action was commenced, against the partnership property; and that consequently an amendment, adding as parties defendant the members of the firm, only enlarges the remedy by authorizing a judgment under which the individual property of the copartners may be taken in execution. He thus contends that this case comes within the rule of *Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705].

In this contention we cannot agree. While it is true that in most respects a partnership is but a relation with no legal being as distinct from the members who comprise it, yet in many respects it is treated as a legal entity both as regards its rights and obligations. (30 Cyc. 423.)

For the purposes of bringing suit under section 388, Code of Civil Procedure, as it existed when this action was brought, a copartnership, we think, must be considered to be a legal entity distinct from its individual members. The section at that time read as follows: "When two or more persons, asso-

ciated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability.''

While it is true that the section says the *associates may be sued* by such common name, the whole section indicates that the action in substance is an action against the associates as such and not against the individuals. The section recognizes the association, or, as in this case, the copartnership, as a distinct entity, against which the partnership obligation may be enforced. In an action brought as this was, the partnership is the only defendant.

This is the view taken by the court in *Davidson* v. *Knox*, 67 Cal. 143, [7 Pac. 413]. Referring to section 388, Code of Civil Procedure, the court there said: ''In an action brought under this section it is not necessary to name all of the associates as defendants. In fact, the association designated by its common name is the only defendant, and the judgment authorized is one binding only the joint property of the association.''

While this language is *obiter,* and the case is not authoritatively binding, it is persuasive as expressing the views of the court as to the effect of the section.

Where similar statutes exist, it has been held that a suit against a copartnership by its common name is not a suit against the individuals comprising the copartnership, and that under such statutes the copartnership is regarded as a legal entity distinct from its members. (*Hallowell* v. *McLaughlin Bros.* (Iowa), 121 N. W. 1039; *Brumwell* v. *Stebbins,* 83 Iowa, 425, [49 N. W. 1020]; *Ruthven* v. *Beckwith,* 84 Iowa, 715, [45 N. W. 1073, 51 N. W. 153]; *Sketchley* v. *Smith,* 78 Iowa, 542, [43 N. W. 524]; *Baxter* v. *Rollins,* 110 Iowa, 310, [81 N. W. 586]; *Good* v. *Red River Valley Co.,* 12 N. M. 245, [78 Pac. 46].)

It is true that the statute referred to in the above cases authorized a suit in terms against the copartnership as such, but it further provided for the enforcement of the judgment

against the individual property of any member served with summons.  On the contrary, our statute (Code Civ. Proc., sec. 388), as it existed when this action was brought, provided that the judgment was only binding on the joint property of the associates.  Under our statute the action is in substance and effect an action against the association or copartnership as such, and not one against the individual members thereof.

This is made manifest by the fact that the judgment can only be enforced against the joint property of all, and that jurisdiction is obtained to render judgment against the copartnership by service of summons on any member thereof.

For this reason we think that when plaintiff amended his complaint by adding as parties defendant the individual members of the copartnership he brought in new defendants. Certainly he thus, at least, brought in defendants sued in a new and different capacity.

As to such defendants the running of the statute was not tolled until the filing of the amended complaint.

The court therefore did not err in sustaining the demurrer, nor in entering the judgment appealed from.

Appellant in its brief asks that we modify the judgment entered against the copartnership so as to make it a judgment against the member of the firm served with summons in the action.  Whether or not the amendment to section 388, Code of Civil Procedure, adopted since this action was commenced authorizes such a judgment need not be determined.  We are precluded from modifying the judgment by the fact that appellant did not appeal from such judgment.  As before indicated, he limited his appeal to the judgment entered on the seventeenth day of May, 1909, and took no appeal from the judgment against the copartnership, which was entered on May 7, 1909.

The judgment appealed from is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 14, 1911, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied; but in thus denying the petition it is proper to say that noth-

ing in the former opinion should be construed as indicating our views as to whether or not the judgment entered against the copartnership may or may not be enforced against the individual property of the member of the copartnership served with the summons issued on the original complaint. As indicated in the original opinion, section 388, Code of Civil Procedure, as it existed when the action was brought, provided only that the judgment should bind the joint property of the associates, while the same section as amended before judgment was rendered provides that the judgment shall also bind the property of the member served with process. As no appeal was taken from the judgment against the copartnership, we do not consider it either necessary or proper to determine its scope and effect.