[S. F. No. 8610. In Bank.—December 4, 1919.]

HENRY ARTANA, Appellant, v. SAN JOSE SCAVEN-GER COMPANY (a Copartnership), Respondent.

[1] PLEADING—PARTIES—ACTION AGAINST COPARTNERSHIP—DEMURRER OF INDIVIDUAL—DISREGARD BY COURT.—In an action brought against a copartnership alone as a legal entity, under the provisions of section 388 of the Code of Civil Procedure, to have the interest of the plaintiff, claimed to have been acquired by purchase at an execution sale of the interest of one of the partners in the co-

partnership, ascertained, and for an accounting, where the record failed to show that summons was served on the partnership defendant or that it was served on any of the partners, the court should not have considered a demurrer interposed to the complaint by an individual who was not named in the complaint and who described himself as sued as the copartnership, since such demurrer was not the demurrer of any party to the action for the only party defendant was the partnership.

[2] ID.—ACTION CONTEMPLATED BY SECTION 388, CODE OF CIVIL PROCEDURE.—Although, by virtue of the amendment of section 388 of the Code of Civil Procedure in 1907, the judgment in an action brought against a copartnership alone as a legal entity binds not only the joint property of the associates, but also the individual property of the party or parties served with process, it is still true that the action contemplated by the section is one against the associates as such to enforce a claim existing against the association, and is not an action against the individual members of the association, that is, unless they are, as individuals, made parties thereto.

[3] ID.—ABSENCE OF APPEARANCE—JUDGMENT OF DISMISSAL UNWARRANTED.—In an action brought against a copartnership alone as a legal entity, judgment in its favor of dismissal and for costs should not be given, in the absence of any appearance by it.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Reversed.

The facts are stated in the opinion of the court.

William H. Johnson for Appellant.

Chauncey Tramutolo and Maurice J. Rankin for Respondent.

ANGELLOTTI, C. J.—This is an appeal from a judgment of dismissal given in favor of the San Jose Scavenger Company, a copartnership, upon sustaining a demurrer to a complaint.

The action was brought against the copartnership alone as a legal entity, under the provisions of section 388 of the Code of Civil Procedure, which provides that "when two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates." Concededly the

provisions of this section authorize an action against a co-partnership by its common name, the section recognizing the copartnership as a distinct legal entity for the purposes thereof. The action was one to have the interest of the plaintiff, claimed to have been acquired by purchase at an execution sale of the interest of one of the partners in the copartnership, ascertained, and for an accounting. The record does not show how summons was served on the partnership defendant, or, indeed, that it was ever served on any of the partners. However, a demurrer was interposed to the complaint by one Peter Devincenzi, who was not named in the complaint, describing himself as "sued as San Jose Scavenger Company, a copartnership." This demurrer purported to be the demurrer of said Devincenzi alone, as an individual, and did not purport to be the demurrer of the defendant partnership. Plaintiff thereupon made a motion for an order striking such demurrer from the files on the ground that Devincenzi is "a stranger to the action and not a party thereto and upon the further ground that the said demurrer is sham." This motion was denied. The demurrer was thereafter sustained and judgment given "that plaintiff take nothing by his said complaint," and "that the said action be dismissed." This is the judgment appealed from.

[1] We see no good answer to the claim of appellant seasonably made, and ever since insisted on, that the attempted demurrer was not entitled to be considered. It did not purport to be the demurrer of any party to the action, for the only party defendant was the San Jose Scavenger Company, a partnership, which, for the purposes of the statute (Code Civ. Proc., sec. 388) is regarded as a legal entity distinct from its members. [2] Although, by virtue of the amendment of the section in 1907, the judgment in an action so brought binds not only the joint property of the associates, but also the individual property of the party or parties served with process, it is still true that the action contemplated by the section is one against the associates as such to enforce a claim existing against the association, and is not an action against the individual members of the association; that is, unless they are, as individuals, made parties thereto. The association, whether it

be a copartnership or other association of individuals transacting business under a common name, is, for the purposes of the section, a legal entity distinct from its members, and it is this legal entity which is in this action the sole party defendant. (See, generally, *Bollman Co.* v. *Bachman & Co.*, 16 Cal. App. 589, 591, [117 Pac. 690, 122 Pac. 835], and cases there cited.) The record does not show that Devincenzi was one of the associates or partners, and the complaint does not purport to state any cause of action against him. So far as the record shows he is an absolute stranger to the action. Certainly his demurrer as an individual is not the demurrer of the sole defendant in the action, viz., the San Jose Scavenger Company, a copartnership.

[3] It is furthermore clear that in the absence of any appearance by the sole defendant, judgment in its favor of dismissal of the action against it, and for its costs, should not have been given.

It seems improper, in the absence of competent objection to the complaint, to discuss the claims made in the brief of respondent relative to its insufficiency as a pleading. We may say, however, that it appears to us that plaintiff may have a good cause of action against an existing copartnership known as the San Jose Scavenger Company, if such there be, or against Devincenzi, doing business under that name, on the theory that such copartnership, as it now exists under that name, or Devincenzi, is holding property belonging to him, a person not a member of the partnership, for which it refuses to account. If he did succeed in purchasing, at execution sale, the interest of one of the partners in the former San Jose Scavenger Company, such purchase dissolved the partnership (Civ. Code, subd. 4, sec. 2450), leaving him with his action against the remaining partner or partners to obtain his interest; but it is possible that a new partnership has been created under that name, of which he is not a member, which is withholding his property.

It is possible that Devincenzi was a member of such a copartnership, served with summons in this action, and authorized to appear for and in its name, and that the demurrer was inadvertently filed by him as an individual.

In that event, we think the lower court should allow him to file an amended demurrer in the name of the copartnership.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Olney, J., Wilbur, J., Lennon, J., Lawlor, J., and Shaw, J., concurred.