[Civ. No. 12932. Second Dist., Div. Three. May 22, 1942.]

OLIVE B. POTTS, Respondent, v. R. D. WHITSON et al., Appellants.

Sidney A. Moss for Appellants.

Phil E. Anthony, John C. Campbell, Baldwin Robertson and Russell Breckenridge for Respondent.

SCHAUER, P. J.—Counsel for plaintiff procured the default of appealing defendants R. D. Whitson and Herman Lewis to be entered by the clerk in the trial court on the theory that an answer filed by them was not their answer, but was the answer of an independent entity—the Whitson-Lewis Theaters, an association or partnership of which the defendants were members. The fact that the partnership existed was alleged in the body of the complaint but it was not made a party as an entity or sued by its common name as might have been done under section 388 of the Code of Civil Procedure. After so causing the defendants' default to be entered plaintiff's counsel carried on for more than six months seemingly friendly relations with the attorney for defendants, joining in two written and filed stipulations relative to setting for trial and postponing the trial of the action. About nine months after entry of the default *by the clerk* plaintiff's counsel caused judgment to be entered thereon *by the court* and thereafter execution to be levied. The levy of execution was the first notice or knowledge which defendants or their counsel had of the default entry or judgment. On the day following levy of execution defendants served and filed notice of motion to recall and quash the execution and vacate the judgment and the default entry on which it was based. From the order denying such motion this appeal is taken.

Respondent in defense of the judgment obtained without trial, by the method depicted above, contends in effect (1) that the answer filed by defendants was not an answer on their behalf but was only an answer on behalf of a separate, single and fictitious entity, the Whitson-Lewis Theaters, a partnership of which defendants were members. To be sure, plaintiff neglected to sue the partnership by its common name, as was authorized by section 388 of the Code of Civil Procedure, but she claims that she intended to do so and seeks the indulgence of this court to the end that by a liberal construction of the pleadings, as well as of the purposes and intentions of the parties, we may conclude either that the Whitson-Lewis Theaters (the separate entity) was made a party to the action by the complaint, or although not made a party to the action by the complaint or named in the summons, nevertheless the answer filed by defendants was the answer of such entity and the defendants themselves refrained from answering. Plaintiff also contends, in effect, (2) that the clerk of the trial court had judicial power to consider the sufficiency and form of the answer which defendants filed and to determine that it was the answer of the separate entity, not that of the defendants. (3) Plaintiff does not directly claim that defendants in equity and good conscience are estopped to set up the invalidity of the proceedings because they received consideration in the form of plaintiff's forbearance for more than six months after the default entry to cause judgment to be entered or execution thereon levied, but she does contend that even if it was erroneously determined that the answer was not that of defendants, still plaintiff's default judgment cannot now be disturbed because more than six months elapsed after the default of defendants was entered *by the clerk* and before defendants discovered and moved to vacate such default and the subsequently entered judgment assertedly based thereon. Plaintiff further contends (4) that because the clerk did not construe the answer filed by defendants to be an answer for these appealing defendants and did not include it in the judgment roll, such answer should not be considered as a part of the judgment roll, and (5) that since the *judgment* was entered by the *court* (as distinguished from by the *clerk*) it was at worst no more than an error in the exercise of jurisdiction and that since the time for appeal therefrom has expired such judgment has become final and it was not an abuse of discretion for the lower court

to deny defendants' motion to vacate the same. The motion to vacate, although presented more than six months *after entry of defendants' default by the clerk* was made within *less than that period after entry of the judgment by the court.*

We conclude that none of respondent's points can be sustained; that upon the face of the record the defendants at all times concerned had on file a sufficient answer; that *the default entry by the clerk* was unauthorized in law and wholly void; and that regardless of whether *the judgment* subsequently entered *by the court* was void, voidable, or only erroneous, the denial of defendants' motion to vacate such judgment was an abuse of discretion for which the order must be reversed.

The complaint is entitled "Olive B. Potts, Plaintiff, vs. R. D. Whitson and Herman Lewis, a co-partnership, Doe and Roe a co-partnership, R. D. Whitson, an individual, Herman Lewis, an individual, John Doe, Jane Doe, Doe One Company, a corporation, Defendants." It alleges "That at all times herein mentioned, R. D. Whitson and Herman Lewis were and are co-partners doing business under the trade name and style of Whitson-Lewis Theaters. . . . That on or about the 28th of August, 1938, defendants R. D. Whitson and Herman Lewis were operating a private enterprise for profit, to wit, Los Feliz Theater. . . . That on the evening of the 28th day of August, 1938, plaintiff became a patron of said defendants R. D. Whitson and Herman Lewis at said Los Feliz Theater and paid an admission fee to said defendants and occupied one of the seats owned by said defendants in the said theater. . . . That on said . . . day . . . plaintiff . . . by reason of the negligence of defendants" was damaged as generally and specially alleged.

The summons was directed to "R. D. Whitson and Herman Lewis, a co-partnership," etc., using identically the same language as that used in naming the defendants in the caption of the complaint. It is *not* directed to the "Whitson-Lewis Theaters." It will be noted from the portions of the complaint above quoted that while it describes and identifies the individuals R. D. Whitson and Herman Lewis as "co-partners doing business under the trade name and style of Whitson-Lewis Theaters" it does not allege that the "Whitson-Lewis Theaters" was operating the Los Feliz Theater or that plaintiff was a patron of such entity. The allegations made are that "R. D. Whitson and Herman Lewis were operating . . .

Los Feliz Theater'' and that ''plaintiff became a patron of said defendants R. D. Whitson and Herman Lewis at said Los Feliz Theater and paid an admission fee to said defendants.''

Within the time allowed by law an answer verified by R. D. Whitson as ''*one* of the answering *defendants*'' was served and filed. It is labeled ''Answer on behalf of R. D. Whitson and Herman Lewis, a co-partnership.'' It recites ''Come now the defendants, R. D. Whitson and Herman Lewis, a co-partnership, doing business under the firm name and style of Whitson-Lewis Theaters, and for answer to plaintiff's complaint herein, for themselves alone and not for their co-defendants, admit, deny and allege. . . .'' Here follow statements expressly admitting the allegations of the complaint describing and identifying the defendants as the *individual* persons who were co-partners doing business under the common name; expressly admitting the above quoted allegations that the *appealing defendants* were operating the Los Feliz Theater and that on the date alleged plaintiff became a patron of and paid an admission fee *to said individual person defendants*. Negligence on the part of the defendants was denied and contributory negligence of the plaintiff alleged. Further indicative of the fact that the answer is not that of a single separate entity, the Whitson-Lewis Theaters, is the fact that in addition to the preamble ''Come now the defendants,'' etc., being in the plural number, paragraph I commences with the words ''*These* answering defendants admit''; paragraph II starts with the words ''*These* answering defendants deny''; paragraph III begins ''*These* answering defendants''; the affirmative defense is prefaced by ''. . . *these* answersing (sic) defendants allege''; the prayer recites ''Wherefore, *these* defendants . . . pray that *they* may go hence with *their* costs''; and the answer is signed by counsel above the designation ''Attorney for Answering Defendants.''

Upon the hereinabove recited facts the clerk in entering the default and the trial court in entering the judgment apparently held and plaintiff now contends that the answer was that of the separate entity, the Whitson-Lewis Theaters, and that it did not constitute an appearance for or raise issues on behalf of the defendants R. D. Whitson and Herman Lewis as individuals. As indicated above such position is not tenable.

■ Section 388 of the Code of Civil Procedure provides

that "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued *by such common name.* . . ." (Italics added.) When so sued by the common name the association is held to be a separate entity (*Artana* v. *San Jose Scavenger Co.,* (1919) 181 Cal. 627, 630 [185 Pac. 850] ; *Jardine* v. *Superior Court,* (1931) 213 Cal. 301, 309 [2 P. (2d) 756]) and the action against it is regarded as an action against a single defendant (*John Bollman Co.* v. *S. Bachman & Co.,* (1911) 16 Cal. App. 589, 592 [117 Pac. 690, 122 Pac. 835] ) ; this has been held to be true even though a judgment in favor of the partners individually, where they are joined as such (at least if paid and satisfied) would bar further proceedings against the separate entity (*Minehan* v. *Silveria,* (1936) 11 Cal. App. (2d) 266, 267 [53 P. (2d) 770] ).

It will be noted that the code section quoted (§ 388, Code Civ. Proc.) does not purport to authorize action against the association as an independent entity otherwise than "by such common name"; obviously it does not create a separate entity capable of being sued otherwise than "by such common name." The courts have heretofore had numerous occasions to pass on the question as to whether in the light of the facts surrounding each particular case the action was to be deemed brought against the entity as such or against the individuals composing it. In the case of *Feder* v. *Epstein,* (1886) 69 Cal. 456 [10 Pac. 785], the Supreme Court had before it the following facts: the complaint was entitled "Moses M. Feder, plaintiff, against Samuel Epstein and Wolf Epstein, partners, under the firm name of Epstein Brothers, defendants," and alleged (much as in the complaint before us) that the defendants "have been and now are partners under the firm name aforesaid." The prayer asked for judgment against "said defendants." It was held that a judgment against the firm (as an entity) was not proper, the court saying "The associates were *not sued by their common name, but by their individual names,* and the case was therefore not within the provisions of section 388 of the Code of Civil Procedure. (*Davidson* v. *Knox,* 67 Cal. 143 [7 Pac. 413].) " (Italics added.) Pertinent language is also found in *Ferry* v. *North Pacific Stages,* (1931) 112 Cal. App. 348, 351 [296 Pac. 679], wherein the court discusses a factual situation not unlike that before us. In that case the complaint named as

defendants "North Pacific Stages, a corporation; Seattle-Portland-San Francisco Auto Stage Company, a corporation; *D. M. Shattuck,* John Doe Christie et al., associated together and doing business under the firm name and style of Seattle-Portland-San Francisco Auto Stage Company." In the body of the complaint it was alleged that "D. M. Shattuck, John Doe Christie . . . were at all times . . . and still are associated together and doing business under the firm name and style of Seattle-Portland-San Francisco Auto Stage Co." (This allegation is almost identical with that in the complaint before us.) The summons was returned with an affidavit averring that process had been personally served upon "Seattle-Portland-San Francisco Auto Stage Co., *an association,* by delivering to and leaving with . . . Fred Gordon, a member of said association" a copy of the summons and complaint. (This return is almost identical with the return on the summons before us.) No appearance was made for the alleged association; its default as an *association,* together, subsequently, with a judgment against it, was entered by the clerk. On appeal from an order setting aside such judgment the court said (after referring to the language above quoted from the complaint), "The foregoing language clearly indicates it was the intention of the pleader to constitute these named individuals as party defendants. They are merely identified as doing business in the name of the Seattle-Portland-San Francisco Auto Stage Company. *The company as a separate entity, is not made a party defendant. To have included this last-mentioned company as a party defendant independent of the individuals who are alleged to compose the organization, it should have been specifically named as a defendant.* This was not done. . . . This is not an action pursuant to the provisions of section 388 of the Code of Civil Procedure against the *'common name'* under which individuals are associated and doing business." (Italics added.) See also *Maclay Company* v. *Meads,* (1910) 14 Cal. App. 363, 370-373 [112 Pac. 195, 113 Pac. 364].

■ Language almost identical in form, and entirely so in principles of expression, to that used in the body of the complaint in the case before us, "That at all times herein mentioned, R. D. Whitson and Herman Lewis were and are co-partners doing business under the trade name and style of Whitson-Lewis Theaters," has been consistently held to be *descriptio personae* (*Davidson* v. *Knox,* (1885) 67 Cal. 143

[7 Pac. 413]; *Feder* v. *Epstein*, (1886) *supra*, 69 Cal. 456; *Billings* v. *Finn*, (1921) 55 Cal. App. 134 [202 Pac. 938]; *Craig* v. *San Fernando Furniture Co.*, (1928) 89 Cal. App. 167, 174-176 [264 Pac. 784]).

In *John Bollman Co.* v. *S. Bachman & Co., supra,* (1911) 16 Cal. App. 589, 590 [117 Pac. 690, 122 Pac. 835], it appears that in a complaint against and a demurrer by "Simon Bachman and Arthur Bachman, co-partners doing business under the firm name of S. Bachman & Company" the quoted language was held to designate the partners as individuals and not the firm as an entity. Thus we find that the partnership which plaintiff now claims filed the answer was not sued by its common name; that its name does not appear in the title of the complaint as a party; that the allegations in the body of the complaint serve only to identify and describe the individual defendants and that the cause of action is specifically stated against the individuals. The import of the statement in *Henry* v. *Willett,* (1922) 60 Cal. App. 244 [212 Pac. 698], at 249, applies equally here: "Although the caption of the complaint states that the defendants do 'business under the firm name of Willett and Burr,' the action is clearly against the defendants individually."

■ In the light of the foregoing discussion it is apparent that the entity Whitson-Lewis Theaters was not made a party to the action and that the answer filed by the defendants R. D. Whitson and Herman Lewis constitutes an answer on their behalf as individuals and not an answer on behalf of a stranger to the action which would have no standing therein (*Artana* v. *San Jose Scavenger Co.,* (1919) *supra,* 181 Cal. 627, 629 [185 Pac. 850]). ■ The clerk of the court should not have undertaken to judicially consider and determine the sufficiency of the answer which was filed by the defendants (*Rose* v. *Lelande,* (1912) 20 Cal. App. 502 [129 Pac. 599]). The defendants' answer being on file, the entry of their default by the clerk was unauthorized by the statute (§ 585, Code Civ. Proc.; *Berry* v. *Crowell,* (1921) 55 Cal. App. 534, 538 [203 Pac. 835]; *Warden* v. *Lamb,* (1929) 98 Cal. App. 738, 741 [277 Pac. 867]) and the purported entry was wholly void and subject to expungement *at any time* (*Reher* v. *Reed,* (1913) 166 Cal. 525, 528 [137 Pac. 263, Ann. Cas. 1915 C, 737]; *Baird* v. *Smith,* (1932) 216 Cal. 408, 410-413 [14 P. (2d) 749]; *Crofton* v. *Young,* (1941) 48 Cal. App. (2d) 452, 457 [119 P. (2d) 1003]). ■ The defendants' answer,

although omitted from the judgment roll by the clerk in making up the record, is by law a part thereof (§ 670, Code Civ. Proc.) and will be deemed to be included therein.

This brings us to a consideration of respondent's last major contention. It is asserted that under the sometimes questioned doctrine of *Gray* v. *Hall*, (1928) 203 Cal. 306 [265 Pac. 246], the court had jurisdiction of the parties and the subject matter and that the entry of defendants' default and the judgment against them while their answer was on file and without notice of trial, was only an error in the exercise of jurisdiction and hence that the judgment is not void and since the time for appeal has expired, must stand. We deem it unnecessary to determine whether such judgment was void, voidable, or erroneous, or otherwise to consider possible applicability of the theory of *Gray* v. *Hall*.

We have seen that the entry of the default by the clerk was wholly void and subject to expungement at any time. It is still wholly void and can give no support to the judgment. Such judgment then must stand or fall on its own record. ■ The attack on it by motion under section 473 of the Code of Civil Procedure was direct (*In re Dahnke*, (1923) 64 Cal. App. 555, 561 [222 Pac. 381]; *Shelley* v. *Casa De Oro, Ltd.*, (1933) 133 Cal. App. 720, 722 [24 P. (2d) 900]) and was made within six months after it was entered. There is no dispute as to the fact that it is a *default* judgment. ■ The defendants were not represented at the proceeding which resulted in its being entered. They had a sufficient verified answer on file; they were given no notice of the hearing; counsel for plaintiff had theretofore (but after entry of the default) stipulated with counsel for defendants relative to placing the case on the calendar and continuing it. Such stipulations referred to the trial of the issues raised by defendants' answer.

A little more than three months after the default of defendants was entered and at a time when defendants' counsel was insisting that the action be tried and disposed of, plaintiff's attorney filed a document labeled "Dismissal" and reading, after title of court, "Olive B. Potts Plaintiff vs. R. D. Whitson, et al., Defendants. To the Clerk of said court: You will enter the dismissal of the above entitled action, as to the following defendant only, viz.: R. D. Whitson and Herman Lewis, a co-partnership known as Whitson-Lewis Theaters." Had the Whitson-Lewis Theaters as an entity

been made a party to the action it is possible that the form of this dismissal might not be misleading, but under the circumstances obtaining when it was filed it is apparent that it was construed by defendants as completely determinative of the action. Based upon such dismissal, a document denominated "Judgment," and purporting to award costs to the defendants was signed and filed. In material part it reads: ". . . and it appearing to the Court that counsel for Plaintiff has entered Dismissal of the within action as against the Defendants, R. D. Whitson and Herman Lewis, a co-partnership;

"WHEREFORE, IT IS ORDERED, . . . that the said Defendants have and recover judgment for their costs and disbursements incurred in said action amounting to the sum of $69.70." The cost bill filed in support of this "judgment" is denominated "Memorandum of Costs and Disbursements Claimed by Defendants R. D. Whitson and Herman Lewis." It shows that it was served on counsel for the plaintiff; its claim of costs *for the defendants individually* apparently was allowed to remain unchallenged and the record shows that the "judgment," was paid and satisfied.

All of these circumstances tend to show the lack of knowledge of counsel for defendants that a plan was afoot which was to result in obtaining the default judgment against his clients after the expiration of six months from the clerk's entry of their default. But, as has been shown, the clerk's entry of default was wholly void. The only default of defendants therefore, which is material, is their failure to appear before the court for the hearing which resulted in the judgment. Of that hearing defendants had no notice. If counsel for the defendants is to be deemed careless or neglectful for his failure under the circumstances to watch the record and files of the trial court more closely, certainly such carelessness or neglect as appears was manifestly of that excusable type which section 473 of the Code of Civil Procedure is designed to relieve. The provisions of that section are remedial in nature and should be so applied as to dispose of cases upon their substantial merits, giving to parties claiming in good faith to have a substantial defense an opportunity to present it. "Because of this," as was said in *Kent* v. *County Fire Ins. Co.,* (1938) 27 Cal. App. (2d) 340, 341 [80 P. (2d) 1019], "the reviewing courts will scan more closely orders denying relief and are more prone to reverse orders of denial.

They look with disfavor upon a party, who, regardless of the merits of his case, attempts to take advantage of mistake, surprise and inadvertence of his adversary. (*Brill* v. *Fox*, 211 Cal. 739, 743 [297 Pac. 25].)'' As pointed out in the case cited in the quotation (*Brill* v. *Fox*, at page 743), ''The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.'' (See, also, *Waybright* v. *Anderson*, (1927) 200 Cal. 374, 377 [253 Pac. 148].) 

Here the trial court in the first instance should have deleted from its records the clerk's void entry of defendants' default; it should have refused to proceed with the hearing leading to entry of the judgment against defendants without notice to them, and, lastly, upon defendants' timely motion to vacate such judgment it should have exercised its powers consistently with the principles above mentioned. Its order denying the motion was not an exercise of its discretion in accordance with the fixed legal principles governing such motions and must be reversed.

The notice of appeal also purports to declare an appeal from the judgment. As such appeal apparently was taken too late and as such judgment must be vacated pursuant to our judgment reversing the order appealed from, the appeal from the judgment becomes immaterial and is dismissed.

The order appealed from is reversed.

Shinn, J., and Wood (Parker), J., concurred.